THE STATE OF MONTANA, PLAINTIFF-RESPONDENT, *v.* RICK. TULLY, DEFENDANT-APPELLANT.

No. 10933.
Submitted September 14, 1966. Decided September 28, 1966.
Rehearing denied October 25, 1966.
418 P.2d 549.

Vernard C. Anderson, Jr. (argued) Billings, for appellant.

Forrest H. Anderson, Atty. Gen. Helena, John L. Adams, Jr., Deputy Co. Atty., Billings, Alfred Coate, Asst. Atty. Gen., (argued) Helena, for respondent.

MR. CHIEF JUSTICE HARRISON, delivered the Opinion of the Court.

This is an appeal from a judgment entered in the District

Court of Yellowstone County following a jury verdict of guilty of the crime of uttering and delivering a fraudulent check. The defendant was sentenced to four years in prison.

Defendant makes two specifications of error. First, defendant contends that the trial court erred in admitting into evidence certain checks other than the check upon which the defendant was being tried. Second, defendant contends that admitting into evidence facts tending to prove a prior felony conviction was prejudicial to the defendant when the State was unable to prove in fact that the defendant was convicted of a felony.

Section 94-2702, R.CM.1947, establishes the elements of the crime of uttering and delivering a fraudulent check. It provides in part:

"Any person who for himself * * * wilfully, with intent to defraud shall make * * * any check * * * for the payment of money upon any bank * * * knowing at the time of such making * * * that the maker * * * has no funds * * * with such bank * * * for the payment of such check * * * in full upon its presentation, although no express representation is made with reference thereto, shall upon conviction be punished as follows: If there are no funds in * * * such bank * * * for the payment of any part of such check * * * upon presentation, then in that case the person convicted shall be punished by imprisonment in the state prison not exceeding five (5) years, or by a fine not exceeding five thousand dollars ($5,000.00) or by both such fine and imprisonment * * *."

The record before this court reveals the following facts: The State's witnesses testified that on January 7, 1964, the defendant had purchased some groceries in a Billings grocery market; that he had paid for the groceries with a $20.00 check, drawn on the Billings State Bank, receiving some $11.00 or $12.00 in change; that the check had been returned three days later marked "no account"; that the defendant had never had an account at the Billings State Bank; that a search for the de-

fendant conducted by an employee of the grocery market had been fruitless; and that the check had been turned over to the county attorney's office for prosecution on January 15, 1964.

At the trial, defendant testified in his own behalf. The defendant admitted making the check, giving the check in payment for the groceries, and not having any account at the Billings State Bank. However, upon cross-examination defendant denied any intent to defraud Thus, defendant put in issue one of the prime elements of the crime, namely, the wilful intent to defraud.

To prove this wilful intent to defraud, the State cross-examined the defendant concerning ten other checks that had been drawn by the defendant upon the Security Trust & Savings Bank in Billings in which he again had no account. These checks totaled $225.00. They were cashed in three different Billings business establishments from December 18, 1963, to January 3, 1964 Defendant did not deny writing the checks or cashing them. Defendant was further asked if he had written eight other checks on the Billings State Bank in January, 1964, before his arrest Defendant's answer to the question was vague, but there was no further questioning as to these individual checks.

This brings us to a consideration of defendant's first specification of error. Defendant contends that admitting over objection the evidence concerning the other checks which he wrote from December 18, 1963, until the time of his arrest on January 16, 1964, was prejudicial error With this contention we do not agree.

In State v. Hollowell, 79 Mont 343, 349, 256 P. 380, 382, this court commented as follows:

"* * * The general rule is that evidence of crimes other than the one for which a defendant is on trial is not admissible, but to this rule there are exceptions, and one is where evidence is material as tending to show the *intent* or motive of the defendant in the commission of the offense for which he is on

trial, notwithstanding the fact that it also tends to prove the commission by him of another offense.'' (Citing previous cases.) (Emphasis supplied.)

Later in State v. Simpson, 109 Mont. 198, 208, 95 P.2d 761, 764, this court further commented:

''* * * * The rule which Montana has followed, and to which we now adhere, is succinctly stated in 20 American Jurisprudence, page 289, as follows: 'Evidence of other crimes is always admissible when such evidence tends directly to establish the particular crime and it is usually competent to prove the motive, the *intent,* the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others, or the identity of the person charged with the commission of the crime on trial.' '' (Emphasis supplied.)

In a period of about three weeks, the defendant had written eleven checks on two nonexistent bank accounts for a total of $275.00. The amount of the eight other checks was not shown. This evidence was properly received for consideration by the jury concerning whether defendant had the wilful intent to defraud, a subject which defendant had affirmatively denied.

We now consider defendant's second specification of error.

Section 93-1901-11, R.C.M.1947, provides that a witness may be impeached if he has ever been convicted of a felony and that this may be shown by examination of the witness or the record of the judgment. Upon cross-examination the defendant was asked if he had ever been convicted of a felony. He replied, ''That I cannot answer to on advice of counsel because we can't find out whether I have or not * * *.'' Further questioning of defendant revealed that he had received a five-year deferred sentence in the State of Washington for grand larceny. Upon redirect examination, the defendant was allowed to further explain the details of the State of Washington incident. Defendant's testimony on cross-examination concerning the inci-

dent was without objection. His explanation of the incident on redirect examination was made over various objections of the State.

The State called W. E. McConnell, a probation and parole officer for the State of Montana, in an attempt to prove the prior felony conviction. His testimony only substantiated what the defendant had testified to, inasmuch as he stated that the crime was grand larceny and that the defendant was on probation to him from the State of Washington. When an uncertified copy of the Judgment and Order Deferring Sentence and Granting Probation that was in Mr. McConnell's possession was attempted to be entered into evidence by the State, it was refused upon the timely objection of defendant's counsel.

From State v. Coloff, 125 Mont. 31, 231 P.2d 343, defendant quotes the rule that if a witness denies a prior conviction, then the only evidence concerning the conviction that can be allowed is the record of the judgment. However, the defendant fails to see the distinction in the rule of the Coloff case, and the happenings in this case. Here defendant neither denied nor affirmed a prior felony conviction, but instead attempted to explain the State of Washington incident. As we read the transcript of the trial, whatever prejudice that may have occurred to the defendant came from his own lips. Mr. McConnell's testimony only confirmed the defendant's testimony concerning his sentence and probation from the State of Washington.

The defendant explained to the jury his reasons for giving the check when he had no bank account He offered witnesses to substantiate his story He was afforded a complete opportunity to explain fully his brush with the law in the State of Washington. However, the jury did not believe his story. They found the necessary wilful intent to defraud.

Finding no error in the record, the judgment is affirmed.

MR. JUSTICES JOHN CONWAY HARRISON, ADAIR and CASTLES, concur.