VITAL JAUMOTTE AND IRENE JAUMOTTE, PLAINTIFFS AND RESPONDENTS, *v.* MARCIA PETERSON, DEFENDANT AND APPELLANT.

No. 11938.
Submitted June 16, 1971.
Decided July 30, 1971.
487 P.2d 522.

2

Brown & Gilbert, William E. Gilbert, argued, Bozeman, for defendant-appellant.

Morrow, Nash & Sedivy, James H. Morrow, Jr., argued, Edmund P. Sedivy, appeared, Bozeman, for plaintiffs-respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by defendant from a judgment entered against her in the district court of Gallatin County following trial before the court, sitting without a jury.

The action was in trespass. The record reveals that Vital and Irene Jaumotte, husband and wife, plaintiffs and Marcia Peterson, defendant, own lands which are contiguous. Both parties' land is situated in Herd District #7, but the Jaumottes use their land primarily for the growing of crops of barley and hay,

although some of their 23.8 acres is used for pasture. Since 1966, plaintiffs have maintained only one horse on their property. This horse is maintained in a separate fenced pasture.

The complaint of plaintiffs was first heard on June 17, 1969, on an order to show cause, seeking a preliminary injunction against defendant, and her mother Hilda Peterson. At this hearing it was admitted by defendant that she owned 10.12 acres of land; that during the period from December 1 to June 1 of each year she and her brother, Robert Peterson, as a partnership, feed approximately fifty-five to sixty-one head of cattle, not counting calves; that in 1969 she also maintained ten head of horses throughout the year on the same ten acres.

Evidence was further submitted that in the spring of 1969 these animals were seen trespassing upon the lands of plaintiffs, including the crop and hay lands, in various numbers and such trespasses accurred almost every day during the month of May. Defendant admitted the trespasses in 1969, and also in 1968. In order to remove the animals from their premises plaintiffs were often required to chase the animals off, but since the fence between the properties was down the trespasses continued. Because of the trespassing plaintiffs' barley plants were trampled down, rolled on, and eaten. Also the hay was grazed off.

As a result of the hearing the district court ordered, under date of June 26, 1969, that defendant be restrained during the duration of this action from allowing cattle, horses or other livestock to trespass upon the lands of plaintiffs.

On March 25, 1970, plaintiffs filed their petition and affidavit seeking an order holding defendant in contempt of court for failure to obey the restraining order, because of new and daily trespasses by the Peterson animals. Hearing was held on April 13, 1970 on an order to show cause at which time defendant again admitted that she was maintaining some 47 cows on her ten acres for calving, and that these cattle had again been trespassing on the Jaumotte land continuously since February 13, 1970. Defendant and her brother testified that they constructed a two-wire electric fence, located somewhere be-

tween ten to fifty feet south of the East Gallatin River, but the fence did not confine defendant's cattle and horses and the fence posts were now out of the ground. Robert Peterson admitted that it was almost impossible to hold the animals with a wire fence because when a storm comes up the cattle tend to gather near the brush, which is near the fence, and the posts are rubbed and loosened.

As a result of this hearing, the district court found defendant in contempt, fined her $300, and allowed her to purge the contempt by serving five days in jail. She neither paid the fine nor served any time in jail.

A final hearing was held on May 18, 1970. At this time it was stipulated by defendant's counsel that her animals had trespassed upon the Jaumotte lands during 1968, 1969 and 1970. Testimony was offered concerning the montary value of the damages.

As a result of the testimony offered, the district court made findings of fact, conclusions of law and entered judgment, dated June 1, 1970, wherein plaintiffs were awarded judgment against defendant for the sum of $639 actual damages, $1,000 punitive damages, together with judgment in the amount of $300 resulting from the previous contempt. The court permanently enjoined and restrained defendant from allowing cattle, horses, or other livestock over which she had control and which are pastured on her lands, from trespassing on the Jaumotte lands.

Appellant assigns error by reason of the trial court's failure to decide the issue of the proportionate share of the cost and land to be contributed by the parties for the construction and maintenance of a partition fence.

Under the evidence presented, just how the questions regarding boundary line disputes, partition fences, and other matters became issues in this cause elude us, as certainly they were not properly before the court. This contended error is without merit.

Appellant further assigns error in the awarding of exemplary damages and finding her in contempt. Her main contention is that an attempt was made to comply with the court's

order. The order issued by the court was interlocutory in nature. It was required to prevent further injury to the plaintiffs. The order did not state defendant was to construct a fence as best she could, but rather it ordered her to keep her animals restrained. This she had within her power to do, and this she failed to do.

Finally, appellant assigns error in awarding compensatory damages on the basis that such damages were entirely speculative and without proper foundation. To the contrary, various witnesses gave testimony as to the market value of the crops destroyed, the acreage of the destroyed crops, and past history of production; all of which testimony was not objected to by appellant. While such method of computing damages would not be exact to the penny, it was proper here considering the nature of the loss.

The judgment is affirmed.

MR. JUSTICES JOHN C. HARRISON, CASTLES, DALY, and HASWELL, concur.