THE STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.*
RICHARD SANDERS, ALSO KNOWN AS DICK SANDERS, DE-
FENDANT AND APPELLANT.

No. 12032.
Submitted August 30, 1971.
Decided October 4, 1971.
489 P.2d 371.

114

Arnold Huppert, Jr., argued, Livingston, for defendant and appellant.

Robert L. Woodahl, Atty. Gen., David V. Gliko, argued, Asst. Atty. Gen., Helena, Jack Yardley, County Atty., John W. Mc-Donald, Jr., Deputy County Atty., argued, Livingston, for plaintiff and respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

Defendant was convicted in the district court of three counts of second degree assault and appealed. We hold that Count I should be dismissed. Counts II and III should be reversed and the cause remanded for new trial due to prejudicial evidence admitted at trial.

This is an appeal from a conviction of three counts of second degree assault under section 94-602, R.C.M.1947. The case was tried by jury in the District Court of the Sixth Judicial District, Park County. Defendant was sentenced to serve four years in the state penitentiary on each count; each sentence to be served concurrently.

Defendant was the operator of a gasoline service station in Livingston, the situs of all the alleged assaults.

Count I alleges that on June 24, 1969, three itinerant magazines salesgirls, all about college age, entered defendant's service station and tried to sell subscriptions to defendant's employee, one Lawrence Bahn. They were unsuccessful but Bahn suggested they approach the defendant; again they were unsuccessful. The girls then pulled sunglasses off of a display rack and tried them on, apparently with no intention to purchase them. They then proceeded to the restroom where they remained for a considerable length of time.

Defendant and Bahn became concerned that the girls were up to some sort of mischief, so they proceeded to the restroom and knocked on the door. The girls opened the door and defendant asked them to leave, whereupon one of the girls threw a pop bottle "right beside" defendant, causing it to shatter on the pavement. Defendant directed Bahn to call the police while he procured a small caliber pistol with a loaded magazine which he pointed "toward the girls"; ostensibly for the purpose of restraining the girls until the arrival of the police. The police arrived and the girls made a statement alleging assault by the defendant. None of the girls signed a complaint at the time of the incident, nor did any of them testify at the trial.

Count II alleges that on August 30, 1969, at approximately 11 p.m., a tourist parked his Winnebago motorhome at the rear of defendant's service station in order that he might have it serviced early the next morning. The tourist, James McNearney, slept in his motorhome that night, along with his wife and son. He had tied his dog outside the motorhome prior to retiring. The next morning McNearney discovered his dog was missing and the motorhome had a flat tire, apparently due to the removal of the valve cap and core by an unknown person.

In the meantime defendant had opened his station for business so McNearney approached him to inquire as to the loss of his dog and the cause of his flat tire. Defendant admitted letting the air out of the tire and called McNearney a "son-of-a-bitch'n

Californian,'' whereupon McNearney took a swing at defendant, but missed. McNearney returned to his motorhome and jacked it up to change the flat tire. Defendant followed McNearney and attempted to kick the jack out, but was unsuccessful. McNearney reached for a lug wrench and told defendant to ''get the hell out of here before I crack you on the head.'' Defendant left, but returned a short time later with a pistol which he pointed at McNearney and demanded a $3 parking fee or he would ''blow [his] guts out.'' As McNearney took out his wallet, defendant tried to grab it. Failing to obtain the wallet, defendant handed the pistol to his employee and hit McNearney in the jaw. Earlier, defendant had summoned the police and they arrived on the scene at this point. A statement was taken by the county attorney from McNearney on the day of the incident, but no complaint was filed.

Count III alleges that on March 6, 1970, a former employee of defendant, Craig Monroe, who had been discharged by defendant, together with his father entered defendant's service station for the purpose of securing young Monroe's tools and belongings. Defendant told them to come back later when he had more time to watch them. An argument ensued whereupon defendant picked up a crescent wrench and threatened the Monroes that if they did not leave he would call the police.

When the Monroes refused to depart without the tools, defendant produced a pistol. The Monroes armed themselves with a piece of pipe and a bumper jack but decided to leave instead of challenging defendant. Defendant fired the pistol and ordered the Monroes to ''halt.'' The Monroes dropped the jack and pipe, got into their pickup and drove to the sheriff's office. It was following this incident, the third within eight months, that formal charges were filed, resulting in defendant's conviction.

Defendant bases his appeal on four grounds: (1) That the evidence was not sufficient as a matter of law to establish defendant's guilt beyond a reasonable doubt on all three counts. (2) That evidence unrelated to the offenses charged was offered

and accepted by the court erroneously, to the prejudice of defendant. (3) That evidence of prior offenses was erroneously presented to the jury. (4) That defendant was denied a fair trial because he was deprived of effective counsel.

We will combine our discussion of issues (2) and (3) in view of their interrelation.

■ The essential elements of assault in the second degree under section 94-602, R.C.M.1947, are (1) a general intent to commit an assault, State v. Straight, 136 Mont. 255, 347 P.2d 482; (2) the use of a deadly weapon, Section 94-602(4), R.C.M. 1947; and (3) apprehension or fear of grievous bodily harm on the part of the person assaulted, State v. Barry, 45 Mont. 598, 124 P. 775; State v. Karri, 84 Mont. 130, 276 P. 427.

■ The evidence presented by the state at trial is insufficient as a matter of law to convict the defendant of second degree assault under Count I. In fact, the testimony of the state's witness, Lawrence Bahn, would seem to indicate that defendant's use of the pistol was merely to restrain the three girls until the arrival of the police. Bahn's testimony further indicates the girls were disorderly, hard to manage, adept in the use of foul language, and one of the girls had thrown a pop bottle in the general direction of defendant. It also appears the girls were the perpetrators of the entire incident. The fact that the girls failed to testify presents a serious question as to whether or not an assault actually did take place. There is no substantial evidence pertaining to apprehension or fear of the defendant on their part.

While we have set out herein only the salient features of the evidence relating to Counts II and III, we have examined all of the evidence, have given it full consideration and we are satisfied that upon the whole it was a case for the jury. Therefore, we conclude the assignment of error based on insufficiency of the evidence as it relates to Counts II and III, is without merit.

■ As to issues (2) and (3), defendant alleges that incompetent, irrelevant, and immaterial evidence was admitted which prejudiced the jurors against him. A fundamental principle

applicable to all criminal proceedings is that "evidence must be relevant to the facts in issue in the case on trial and tend to prove or disprove such facts, evidence of collateral or other facts which are incapable of affording any reasonable presumption or inference as to a principal fact or matter in dispute, or evidence which is too remote, is irrevelant and inadmissable." 29 Am.Jur.2d, Evidence § 298, p. 342. Evidence is relevant only if it "naturally and logically tends to establish a fact in issue." Brion v. Brown, 135 Mont. 356, 363, 340 P.2d 539, 543, quoting from 1 Jones on Evidence, 5th ed., § 151, p. 270.

The record indicates a police officer testified he had issued a speeding citation to defendant sometime in February 1970, and defendant had remarked "* * * some day I will catch you with your badge off and we'll settle this." There is also testimony by the manager of the local Safeway store that defendant had struck the manager on the jaw sometime in January 1970. The manager had had two of his automobile tires punctured, and implied defendant had been the culprit.

There is other testimony that defendant had failed to pay one of his employees wages due and owing; that defendant had objected to the fencing of a large hole, presumably so that little children would fall in it; that defendant used improper Master Charge credit card arrangements; and there was an implication defendant had burglarized his own station.

These items of collateral evidence were presented to the jury although some were properly objected to and the jury duly admonished to disregard them, the combined effect certainly must have made an impression on the jurors— an impression that could only work to the prejudice of the defendant. The admissibility of such collateral, irrelevant, and prejudicial evidence in a criminal proceeding constitutes reversible error.

In addition evidence of other crimes not connected with those embraced within the Information was improperly admitted.

"The general rule is that evidence of crimes other than the one for which a defendant is on trial is not admissible, but to

this rule there are exceptions * * *.'' State v. Tully, 148 Mont. 166, 168, 418 P.2d 549; State v. Hollowell, 79 Mont. 343, 256 P. 380.

''One exception to the general rule is where the evidence of other crimes tends to establish a common scheme, plan or system and where such other crimes are similar to, closely connected with and not too remote from the one charged, and also where they are so related that proof of one tends to establish the other.'' State v. Merritt, 138 Mont. 546, 548, 357 P.2d 683, 684.

Here, defendant was charged with three counts of second degree assault under section 94-602, R.C.M.1947, which involved the use of a deadly weapon—a pistol. The prejudicial evidence which defendant contends was erroneously presented to the jury involved alleged acts where the defendant did not use a pistol. In fact, all of the alleged acts were never proven to be crimes committed by defendant, but, rather, the evidence raised innuendos and inferences designed to characterize the defendant as a scoundrel and as one who properly belonged behind bars.

Such evidence is not admissable because it ''compels the defendant to meet charges of which the indictment gives him no information, confuses him in his defense, raises a variety of issues, and thus diverts the attention of the jury from the [charge] immediately before it. * * *'' Dorsey v. State, 25 Ariz. 139, 213 P. 1011, 1012. Further, such evidence tends ''to draw away the minds of the jurors from the real point on which their verdict is sought, and to excite prejudice, and mislead them.' '' State v. Merritt, 138 Mont. 546, 549, 357 P.2d 683, 684, citing from State v. Ebel, 92 Mont. 413, 15 P.2d 233.

Defendant's fourth assignment of error is that he was denied his right to a fair trial because he was deprived of effective counsel. We need not pursue this assignment of error since the cause must be reversed and remanded on the basis of improper and prejudicial evidence presented to the jury.

Therefore, it is ordered that Count I be dismissed. As to

120

Counts II and III the cause is reversed and remanded for new trial.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES DALY, HASWELL, and CASTLES, concur.