No. 12726

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

IN THE MATTER OF PATRICK JOHN McMASTER,
A Juvenile Delinquent.

Appeal from: District Court of the Twelfth Judicial District,
Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

For Appellant:

Oscar Hendrickson argued, Chinook, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas J. Beers, Assistant Attorney General, argued,
Helena, Montana
William Solem, County Attorney, argued, Chinook,
Montana

Submitted: September 10, 1974

Decided: DEC 2 6 1974

Filed: DEC 2 6 1974

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a final judgment after a jury trial in the district court, Blaine County, finding appellant Patrick John McMaster, guilty of first degree burglary and adjudicated him a delinquent.

The facts are: Appellant and three of his acquaintances, Rod Olson, Mike Turbovitz and Johnny Johnson, were stopped by a Chinook city police officer, Robert Flynn, at 3:00 a.m., September 30, 1973. When asked what they were doing parked where they were, they replied they were just sitting there. The officer then followed the young men and observed them park the car at Rod Olson's grandmother's house and walk back to town to Rod Olson's apartment. Around 4:00 a.m., Robert Stanley, a mechanic, observed appellant and Mike Turbovitz walking down an alley, which runs behind Martens Drug Store, the burglarized store. Stanley later saw appellant and Turbovitz climbing down from Bob's Drapery Shop's roof, a building located a few stores down from Martens Drug Store. At that time Stanley attempted to call the police, but was unable to reach them. Stanley testified he later saw appellant and Turbovitz walk out of the alley, cross the street, and go up to a patch of weeds where Turbovitz deposited something in the weeds. Stanley then testified appellant and Turbovitz went to a parked car. Turbovitz got into the car; appellant lifted the hood of the car and began looking under it when Officer Flynn approached them.

Officer Flynn testified that when he approached appellant and Turbovitz at the parked car, Turbovitz at first claimed he owned the car, but later admitted that neither he nor appellant had any business being in the car. He then testified that Stanley waved for him to come over to the garage where Stanley was working. Flynn told appellant and Turbovitz to stay where they were, but when Officer Flynn drove off to talk to Stanley, they left.

Stanley then related to Flynn the actions of appellant and Turbovitz. Flynn proceeded to investigate the buildings down the alley where Stanley had observed appellant and Turbovitz walking and climbing on the roof. When Officer Flynn approached Martens Drug Store, Johnny Johnson stuck his head out the back door, saw Flynn, and fled out the front door. Flynn pursued Johnson, but was unable to apprehend him. Flynn then notified the county sheriff, a fellow police officer, and the owner of the drug store. The investigating officers found several sacks of drugs from the drug store in the approximate vicinity of the weeds where Stanley saw Turbovitz stash something. They also found a wastepaper basket half full of drugs, and a stack of records from the display rack at the front of the store were found at the back of the store. The window in the front door had been broken. The back door had no signs of being broken into, but was unlocked from the inside.

Because of his previous companionship with Johnny Johnson; because of his close proximity to the drug store when he was observed by the mechanic Stanley and Officer Flynn; and, because he was with Turbovitz when Stanley saw Turbovitz stash something in the weeds, appellant was arrested and charged with first degree burglary.

Although appellant makes four assignments of error the issues for consideration could more succinctly be stated as:

(1) Were the exhibits and the testimony by the state's witnesses relevant and material and therefore admissible?

(2) Was there sufficient circumstantial evidence to support the jury's guilty verdict?

Considering the first issue---were the exhibits and testimony by the state's witnesses relevant and material? Appellant objected to the introduction of certain photographs of the scene of the burglary, paper sacks which were found containing drugs stolen during the burglary, and certain containers filled with drugs, into evidence on the grounds that there was no proper foundation laid, and that the material was irrelevant and immaterial and not connected in any

way to appellant. Appellant also objected to the testimony of one Larry Martens, owner of the burglarized drug store, on the grounds there was no connection of the burglary of the premises tied to appellant. All of these objections were overruled by the district court and all the evidence and testimony was admitted. The district court acted correctly.

As stated in State v. Sanders, 158 Mont. 113, 117, 118, 489 P.2d 371:

"A fundamental principle applicable to all criminal proceedings is that 'evidence must be relevant to the facts in issue in the case on trial and tend to prove or disprove such facts, evidence of collateral or other facts which are incapable of affording any reasonable presumption or inference as to a principal fact or matter in dispute, or evidence which is too remote, is irrelevant and inadmissible.' 29 Am.Jur.2d, Evidence § 298, p. 342. Evidence is relevant only if it 'naturally and logically tends to establish a fact in issue.' Brion v. Brown, 135 Mont. 356, 363, 340 P.2d 539, 543, quoting from 1 Jones on Evidence, 5th Ed., § 151, p. 270."

The fact of whether or not a burglary had taken place was in issue. The evidence and testimony objected to by appellant established the fact that a burglary had taken place and the evidence was therefore relevant and admissible.

Appellant's second issue is whether there was sufficient circumstantial evidence to support the guilty verdict? As this Court stated in State v. Cor, 144 Mont. 323, 326, 396 P.2d 86:

"Circumstantial evidence is not always inferior in quality nor is it necessarily relegated to a 'second class status' in the consideration to be given it. The very fact it is circumstantial is not a sufficient allegation to justify a reversal of the judgment for such evidence may be and frequently is, most convincing and satisfactory. In any criminal case, evidence that is material, relevant and competent will be admitted, 'nothing more and nothing less' The test is whether the facts and circumstances are of such a quality and quantity as to legally justify a jury in determining guilt beyond a reasonable doubt. If such be the case, then the court should not, indeed cannot, set aside the solemn findings of the trier of the facts."

Application of this principle to the instant case leads directly and convincingly to the conclusion that appellant's guilt has been proven beyond reasonable doubt.

This conclusion results from an examination of the entire record and from a consideration of all of the evidence:

1. Appellant was identified by Officer Flynn as being with Johnny Johnson and two other men on the night the burglary took place. Johnny Johnson was caught inside Martens Drug Store by Officer Flynn.

2. Mr. Stanley testified to seeing appellant and Mike Turbovitz walking down the alley behind Martens Drug Store. He also testified he saw the two men on the roof of Bob's Drapery, a store located a few stores down from Martens Drug Store. Mr. Stanley later saw appellant and Mike Turbovitz come out of the alley, walk across the street to a patch of weeds where Turbovitz stashed something in the weeds.

3. When appellant and Turbovitz saw Officer Flynn, they quickly went to a parked car. Turbovitz at first claimed ownership of the car and then acknowledged that neither he nor appellant owned the car nor had any business being in the car. They could offer no explanation to Officer Flynn for being in the car other than to check the oil.

4. Appellant and Turbovitz were told to stay at the car when the officer went to talk to Mr. Stanley; instead they both fled.

5. Several sacks of drugs stolen from Martens Drug Store were found hidden in the same vicinity that Stanley stated Turbovitz stashed something.

All of the above evidence is not sufficient to place appellant on the actual premises of Martens Drug Store, which is an essential element of the crime of burglary. However, it is sufficient to prove that appellant aided and abetted in the commission of the crime, thereby making appellant a principal and guilty of that crime itself. §§ 94-203, 94-204, R.C.M. 1947.

The court in its Instruction number 12 instructed the jury as to aiding and abetting. Although objected to by appellant on the grounds there was no evidence that appellant aided or abetted anyone

in the commission of the burglary, we feel the objection was properly overruled. As we have stated, there was ample evidence of aiding and abetting.

Appellant also objected to the court's instruction on intent. We find there was sufficient evidence presented to establish intent, which would allow the court to give Instruction number 10 over appellant's objection that there was no such evidence.

The judgment of the district court is affirmed.

_____
            Justice

We Concur:

_____
 Chief Justice

_____

_____

_____
 Justices.