No. 13769

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

_____

THE STATE OF MONTANA,

    Plaintiff and Respondent,

    -vs-

DIONISIO WILLIAMS,

    Defendant and Appellant.

_____

Appeal from:  District Court of the Thirteenth Judicial
              District,
              Honorable Charles Luedke, Judge presiding.

Counsel of Record:

    For Appellant:

        John L. Adams argued, Billings, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        J. Mayo Ashley argued, Assistant Attorney General,
         argued, Helena, Montana
        Harold Hanser, County Attorney, Billings, Montana

_____

                        Submitted:  October 4, 1977

                          Decided:  OCT 18 1977

Filed:  OCT 1  1977

_____
                        Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant Dionisio Williams was charged by a two count Information filed October 25, 1976, with the crimes of carrying a concealed weapon and intimidation, both felonies. A jury trial was held in the district court, Yellowstone County, on January 11, 1977. At the close of trial, the jury returned a verdict acquitting defendant of the crime of carrying a concealed weapon, but convicting him of the crime of intimidation. Defendant was subsequently sentenced to serve five years in the state penitentiary and has been incarcerated since early March 1977. Defendant appeals the conviction and the denial of his motion for a mistrial made at the close of the state's case.

The facts introduced by the state through testimony at the trial were, in certain essential respects, at variance with those offered by defendant in his trial testimony.

The principal witness for the state was the complaining witness, Joe Thomas. Thomas testified, over objection, that three weeks prior to October 19, 1976, the date of the alleged crimes, he purchased $10 worth of the drug "speed" from defendant. The purchase was made "on credit". Defendant denied the sale of the drug, and stated he had, in fact, merely "loaned" $10 to Thomas.

On October 19 defendant saw Thomas at a Billings bar and demanded payment. Thomas was unable to pay. Later that day Thomas, together with his girl friend and two others, were stopped for gas at a self-service gas station. Defendant arrived

at the station in a car belonging to and driven by his friend, Raymond Best. Defendant got out of the car and approached Thomas, again demanding payment of the $10. Thomas testified that upon his explaining he could not get the $10, defendant opened his coat, exposing what appeared to Thomas to be the butt of a revolver and "said he was going to drop me" if payment was not then made. Defendant, however, denied having a pistol on his person at the time, or that he threatened Thomas. In any event, Thomas obtained $10 from his girl friend and immediately gave it to defendant.

At the close of the state's case, defendant orally moved for a mistrial on the ground the court erred in permitting testimony concerning the drug transaction between defendant and Thomas. Defendant also moved to dismiss the intimidation charge on the grounds of insufficiency of evidence or, alternatively, for a direct verdict. All motions were denied.

Defendant bases his appeal on two grounds:

1. Evidence of the alleged drug transaction was erroneously permitted by the district court.

2. The evidence was insufficient to support the conviction of the crime of intimidation.

Defendant contends the evidence pertaining to the alleged drug transaction was irrelevant and immaterial and should have been excluded as being highly prejudicial. He maintained the evidence had no probative value and operated to place defendant in the position in the eyes of the jurors as a "pusher" who would by inference possess propensities for violent criminal behavior. Further, the evidence had minimal or no value in

establishing the elements of the crime of intimidation, and should have been excluded, or a mistrial granted.

A fundamental principal, applicable to every criminal proceeding, is that the evidence must be relevant to the facts in issue at the trial and must logically tend to prove or disprove such facts. Evidence of collateral facts which fails to afford any reasonable presumption or inference as to a principal fact or matter in dispute, or evidence too remote, is irrelevant and inadmissible. State v. Sanders, 158 Mont. 113, 489 P.2d 371 (1971).

In Sanders, defendant was charged with three counts of assault. During the course of trial testimony was presented to the jury which, among other things, indicated defendant previously threatened a police officer upon receiving a speeding citation, wrongfully failed to pay wages due an employee, made improper use of credit cards, and possibly burglarized his own business. This Court, in applying the above mentioned rule, concluded:

> "* * * The admissibility of such collateral,
> irrelevant, and prejudicial evidence in a criminal
> proceeding constitutes reversible error." 158 Mont. 118.

Here, admission of evidence of the underlying reason for the $10 debt, the alleged drug sale, was such as to have made an impression on the jury and was highly prejudicial to defendant. Given the obvious collateral nature of such evidence and the prejudice engendered thereby, its admission over proper objection was error. Defendant's motion for a mistrial should have been granted.

In view of the Court's finding on defendant's first issue, it is unnecessary to discuss the second issue.

Accordingly, the conviction is reversed.  It is ordered
that defendant be released from confinement at the Montana
state prison.  The case is dismissed.


_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.