No. 13863

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

_____

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

RICHARD SANDERS,

Defendant and Appellant.

_____

Appeal from: District Court of the Sixth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Calton and Stephens, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Jack Yardley, County Attorney, Livingston, Montana

_____

Submitted: February 27, 1978

Decided: MAR 17 1978

Filed: MAR 17 1978

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from an order of the District Court, Park County, denying defendant's motion for post-conviction relief.

This is the third occasion that this case has been before this Court. In March 1970, appellant was charged with three counts of felony assault. Count I alleged he assaulted three itinerant magazine sales girls. Count II alleged defendant pointed a loaded gun at a tourist. Count III alleged defendant assaulted a former employee. Count I was dismissed for lack of evidence. Defendant was convicted on Counts II and III, but the convictions were reversed on appeal as extraneous evidence had been improperly allowed. State v. Sanders, (1971), 158 Mont. 113, 489 P.2d 371.

Defendant was retried and convicted of second degree assault in 1972. That conviction was appealed on lack of speedy trial and was affirmed. State v. Sanders, (1973), 163 Mont. 209, 516 P.2d 372. Defendant's deferred imposition of sentence was revoked and he was sentenced to four years in the state prison. Sanders served his term in prison and he is no longer incarcerated.

In December 1973, defendant filed a petition in United States District Court for post-conviction relief. The petition was referred to the District Court, Sixth Judicial District of the State of Montana, in and for the County of Park. In April 1977, the District Court entered an order denying all post-conviction remedies. Appellant appeals from that order.

In March 1970, appellant was charged with three counts of felonious assault. After his arrest, appellant contacted Dan Yardley, an attorney who had previously handled civil

matters for the appellant, regarding representation on the criminal charges. At the time of this consultation, Jack Yardley, the brother and partner of Dan Yardley, was the city attorney of Livingston, Montana. According to the affidavit by Jack Yardley, dated October 27, 1975, as soon as Jack became aware that appellant was making inquiry of his partner, Dan Yardley, Jack entered the office and advised Dan Yardley and appellant and his wife that a potential conflict could arise, because he was the city attorney, and members of the Livingston police department were involved in the case and thus perspective witnesses against Sanders. Because of this potential conflict, Dan Yardley then declined to accept the case and no fee was charged.

Jack Yardley stated in his affidavit:

"That at no time did affiant learn or know of any of the circumstances or defenses of RICHARD SANDERS as to the charges of second degree assault in March 1970."

Appellant was convicted of the charges in 1970, appealed, and the conviction was reversed by the Montana Supreme Court. State v. Sanders, (1971), 158 Mont. 113, 489 P.2d 371. In January 1971, following Sanders' conviction at the first trial, Jack Yardley became the county attorney for Park County, Montana. Subsequent to the reversal of his conviction, appellant was retried in 1972 and convicted of one count of felonious assault. The prosecuting attorney on the retrial was Jack Yardley.

Appellant based his petition for post-conviction relief upon the fact that the prosecutor at appellant's 1972 trial was the partner of the attorney whom he initially consulted prior to the first trial regarding representation.

In an affidavit in support of the petition for post-

conviction relief filed by appellant and his wife in December 1973, appellant recites the above facts and states that during the consultation with Dan Yardley they discussed in complete detail the events of the day of the alleged assault and possible theories of defense, and that no doubt Jack Yardley had occasion to hear the entire conversation.

No objections were made at trial to the qualifications of Jack Yardley to prosecute the case on behalf of the state. This issue was first raised in appellant's petition for post-conviction relief filed after his conviction was affirmed on appeal in 1973, 19 months after retrial.

The sole issue on appeal is whether or not Sanders is entitled to post-conviction relief based upon the alleged prior involvement of the prosecutor with preliminary defense matters? We will assume, for the purpose of discussion of this issue, that appellant's allegations are true.

To resolve the issue, it is necessary to look at the secondary issue—whether or not appellant waived his privilege to assert the alleged prosecutorial conflict of interest?

Appellant first raised the question of the county attorney's disqualification in a petition for post-conviction relief filed in the United States District Court 19 months after that conviction had been affirmed on appeal. No objection was made, although appellant had to be aware of the alleged conflict at the time of trial.

There are no Montana cases directly on this issue, but this Court has recognized that a defendant may waive a legal right. In State v. Gallagher, (1973), 162 Mont. 155, 509 P.2d 852, the defendant was given a choice between experienced court appointed counsel and counsel who had previously prosecuted defendant in another trial. Defendant chose as

his defense counsel the attorney who had previously prosecuted him. This Court held defendant, by his conduct, had waived any right to demand a new trial based on alleged conflict of the attorney.

An assertion of disqualification of a prosecuting attorney because of his relationship with the accused is a privilege of the latter which may be waived in various ways, principally by failure to raise the point at the earliest possible time. Disqualification of Prosecuting Attorney on Account of Relationship with Accused, Anno. 31 ALR3d 953, 989. Gajewski v. United States, (8th Cir. 1963), 321 F.2d 261, cert.den. 375 U.S. 968, 11 L ed 2d 416, 84 S.Ct. 486.

In the instant case appellant failed to object to Yardley prosecuting him at the trial level, based on alleged conflict of interest. Instead, he stood by and waited for the outcome. When the outcome was unfavorable to him, he raised the conflict issue as a post-conviction remedy, approximately 19 months after his conviction was affirmed.

Appellant cannot sit by and speculate on the outcome of his conviction and then raise this issue after the verdict has been entered. Appellant waived his opportunity to object to Yardley prosecuting him by failing to object to the prosecutor's qualifications at trial.

Therefore, all post-conviction relief is denied.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

-5-