# EUGENE BRADLEY BLANEY,
## Petitioner,
### v.
# JAMES M. GAMBLE,
## Respondent.

No. 94-169.
Dated May 17, 1994.
51 St.Rep. 466.
266 Mont. 51.
879 P.2d 51.

# ORDER

Eugene Bradley Blaney (Blaney), Petitioner herein, has filed his Petition for Writ of Habeas Corpus. On September 25, 1988, Blaney, pursuant to a plea agreement, pled guilty to one count of sexual assault, a felony. On December 30, 1988, he was sentenced to ten years in Montana State Prison, which sentence was suspended on conditions. Blaney's suspended sentence was revoked on August 1, 1989, for violation of the conditions of his probation. Blaney did not file a motion to withdraw his guilty plea nor did he file a direct appeal. However on November 21, 1991, he filed a petition for post conviction relief claiming (1) that he had new evidence to present; (2) that his plea was coerced; and (3) that his attorney rendered ineffective assistance in his defense by failing to present certain witness testimony. We denied that petition on January 30, 1992. Subsequently Blaney filed the instant petition for writ of habeas corpus on April 7, 1993.

In reviewing his present petition, and despite his contentions to the contrary, Blaney attacks his conviction or sentence at grounds A, B, C, D, F and those portions of ground G dealing with his sentence. Habeas Corpus is not available to attack the validity of a conviction or sentence of a person who has been adjudged guilty in a court of record and has exhausted the remedy of appeal. Moreover, habeas corpus is not available to attack the legality of an order revoking a suspended sentence. Section 46-22-101(2), MCA, (1991). Since Blaney has been adjudged guilty in a court of record and was afforded the right of appeal, § 46-20-104, MCA, habeas corpus will not issue.

Furthermore, even if we review Blaney's petition as one for post conviction relief, *Tecca v. McCormick* (1990), 246 Mont. 317, 318, 806 P.2d 11, 12, his petition is without merit. Blaney's present claims are substantially the same as those raised in his November 1991

petition for post conviction relief which we denied. Accordingly, Blaney's present claims are barred by res judicata, *Hawkins v. State* (1990), 242 Mont. 348, 351, 790 P.2d 990, 992, and those claims and any new claims are also procedurally barred by operation of § 46-21-105, MCA, which provides that all grounds for relief claimed by a petitioner under § 46-21-101, MCA, are waived unless raised in the original or amended petition for post conviction relief.

Finally, as to ground E and portions of ground G (Blaney's Exhibit Q attached to his petition) concerning his parole eligibility, the requested writ of habeas corpus will not issue because Blaney is not unlawfully imprisoned or restrained of his liberty. Section 46-22-101(1), MCA. Blaney was denied parole because the District Court provided that he would not be eligible for parole until he had completed the sex offender program. Blaney has not completed that program. Moreover, that, combined with the fact that Blaney had pled guilty to sexually assaulting a juvenile, had a prior criminal history and had his probation revoked, militates against any allegation or conclusion that, in denying parole, the parole board acted arbitrarily or capriciously, thereby denying Blaney his constitutional right to due process. *Greenholtz v. Inmates of Nebraska* (1979), 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668; *Superintendent v. Hill* (1985), 472 U.S. 445, 456, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356.

IT IS ORDERED that Petitioner's Petition for Writ of Habeas Corpus should be and the same is hereby denied.

IT IS FURTHER ORDERED that, to the extent that we deem Petitioner's petition to be one for post conviction relief, grounds A, B and D are barred by res judicata and grounds C, F and those portions of ground G pertaining to the imposition of sentence are procedurally barred by § 46-22-105, MCA, inasmuch as those grounds were not raised in Blaney's November 1991 petition for post conviction relief.

IT IS FURTHER ORDERED that the Clerk of this Court shall mail a copy of this order to counsel of record and, personally, to Petitioner Blaney.

DATED this 17th day of May, 1994.

J. A. TURNAGE, Chief Justice
JOHN CONWAY HARRISON, Justice
KARLA M. GRAY, Justice
WILLIAM E. HUNT, SR., Justice
JAMES NELSON, Justice
FRED J. WEBER, Justice