No.  96-196

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

MICHAEL D. HOWARD,
Defendant and Appellant.


APPEAL FROM:      District Court of the Seventh Judicial District,
In and for the County of Dawson,
The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Appellate Defender Office, Helena, Montana

For Respondent:

Joseph P. Mazurek, Attorney General, Elizabeth Griffing, Assistant
Attorney General, Helena, Montana; Gerald J. Navratil, Dawson County
Attorney, Glendive, Montana


Submitted on Briefs: April 3, 1997

Decided:   May 29, 1997
Filed:


_____
Clerk


Justice William E. Hunt, Sr. delivered the Opinion of the Court.


Appellant Michael D. Howard (Howard) appeals the decision of the Seventh
Judicial District Court, Dawson County, denying his "Motion to Vacate Conviction."  We
affirm.
Howard presents two issues on appeal:
1.  Did the District Court err by construing Howardþs "Motion to Vacate

Conviction" as a petition for post-conviction relief?

2. Did the District Court err by determining that Howardþs "Motion to Vacate Conviction" was time-barred?

In 1981, Howard was charged in Dawson County with one count of felony theft. The theft Howard was charged with involved the participation of two women, one of whom was also charged with felony theft. Howardþs court-appointed counsel was the same attorney who had represented Howardþs accomplice in her court appearance. The District Court, aware of a possible conflict of interest, gave the attorney time to discuss the matter with Howard. The attorney continued to represent Howard, and no further mention of a conflict of interest was made on the record. Howard subsequently pled guilty to the charge of felony theft and received a sentence of five years in prison, with two years suspended. The judgment, however, initially reflected a conviction for criminal mischief; the District Court later filed an amended judgment correcting the error and changing the crime description to felony theft.

In 1993, Howard asked the District Court for a copy of the file of his accomplice, who had died in 1983, asserting that access to her file was necessary to his own "further legal proceedings." The District Court denied his request. Howard then filed a petition for post-conviction relief with this Court. In his petition, Howard asserted that his counsel at the plea hearing had suffered from an untenable professional conflict of interest, because the same attorney had also represented Howardþs accomplice in her plea hearing. This Court summarily dismissed his petition, stating that 46-21-102, MCA, gave a petitioner five years from the date of judgment in which to file a petition for post-conviction relief, and noting that Howard was far past the time allowed.

Howard then filed with the District Court his "Motion to Vacate Conviction," again asserting that his counsel at his plea hearing had been subject to a conflict of interest. The District Court construed the motion as another petition for post-conviction relief and again dismissed it as out of time. Howard appeals.

The parties agree that the issue of whether the District Court erred in construing Howardþs "Motion to Vacate Conviction" as a petition for post-conviction relief is purely a question of law which involves no factual determination. This Court reviews a District Courtþs conclusions of law de novo, to ensure the court's interpretation of the law is correct. State v. Schnittgen (1996), 277 Mont. 291, 295-96, 922 P.2d 500, 503 (citing State v. Gould (1995), 273 Mont. 207, 219, 902 P.2d 532, 540).

1. Did the District Court err by construing Howardþs "Motion to Vacate Conviction" as a petition for post-conviction relief?

Both Howard and the State agree that the District Court could not consider Howardþs "Motion to Vacate Conviction" as such; no provision of law allows a court to vacate a conviction simply upon the motion of the defendant. The parties disagree, however, in how Howardþs motion should be construed. The State contends the motion amounts to a petition for post-conviction relief, which was properly dismissed as out of time. Howard contends the motion is "similar to" a motion to withdraw his guilty plea.

In arguing that the District Court erred in construing his "Motion to Vacate Conviction" as a petition for post-conviction relief, Howard contends that his motion did not meet the technical requirements for a post-conviction petition nor was it properly verified. In contending that the motion more correctly should be construed as a motion to withdraw his guilty plea, Howard notes that a motion to withdraw a guilty plea may be made at any time before or after judgment, for good cause. Section 46-16-105(2), MCA. Since the statute governing motions to withdraw a guilty plea contains no time limit, Howard contends the District Court should have heard the merits of the motion rather than summarily dismissing it.

Howard first argues that his motion cannot be considered as a petition for post-conviction relief because it was not presented to the District Court in the correct form nor was it verified. We note, however, that the filing was not in the correct form for a proper motion to withdraw a guilty plea, either. Further, this Court has never held that strict compliance to the prescribed form of a post-conviction petition is an absolute prerequisite to the consideration of the merits of the petition. While we of course expect all petitioners to comply with the applicable statutory requirements regarding the form of post-conviction petitions, we recognize that certain petitioners, notably those proceeding

pro se, will request relief via some manner other than the properly verified post-conviction petitions. In the interests of justice and judicial economy, this Court occasionally permits such filings to be deemed as petitions for post-conviction relief even if they are not denominated as such. See, e.g., Rudolph v. Day (1995), 273 Mont. 309, 902 P.2d 1007; Blaney v. Gamble (1994), 266 Mont. 51, 879 P.2d 51; State v. Gorder (1990), 243 Mont. 333, 792 P.2d 370. The District Court, therefore, was not precluded from considering Howardþs filing as a petition for post-conviction relief merely because its form was incorrect.

Furthermore, the allegations raised in Howardþs motion were of the type properly raised in a petition for post-conviction relief. Section 46-21-101, MCA, provides in part:

A person adjudged guilty of an offense in a court of record who has no adequate remedy of appeal and who claims that a sentence was imposed in violation of the constitution or the laws of this state or the constitution of the United States, that the court was without jurisdiction to impose the sentence, that a suspended or deferred sentence was improperly revoked, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack upon any ground of alleged error available under a writ of habeas corpus, writ of coram nobis, or other common law or statutory remedy may petition the court that imposed the sentence or the supreme court to vacate, set aside, or correct the sentence or revocation order.

Section 46-21-101(1), MCA. In his motion, Howard asserts that his conviction should be vacated because his counsel suffered from an untenable conflict of interest which served to call into question the validity of Howardþs guilty plea. The assertion of a conflict of interest is an allegation properly addressed in a petition for post-conviction relief. See, e.g., Bishop v. State (1992), 254 Mont. 100, 835 P.2d 732; State v. Bull Coming (1992), 253 Mont. 71, 831 P.2d 578; State v. Sanders (1978), 176 Mont. 74, 576 P.2d 259.

And, in fact, Howard raised the identical issue in a petition for post-conviction relief with this Court, which summarily dismissed it as out of time. By refiling the same contentions in another form in the District Court, Howard seeks to avoid the effect of the applicable statute of limitations. If an individual believes he or she has reason to collaterally attack a sentence or conviction, however, it is reasonable to expect the challenge to be pursued in a prescribed and timely manner. This is the purpose of the post-conviction statutes, which serve:

to bring together and consolidate into one simple statute all the remedies, beyond those that are incident to the usual procedures of trial and review, which are at present available for challenging the validity of a sentence of imprisonment.

Commission Comments to 46-21-101, MCA. It is also reasonable to expect petitioners to seek collateral relief from a sentence within a reasonable time, which is the purpose for the five-year statute of limitations on petitions for post-conviction relief. Howard, however, waited over ten years before attacking his conviction.

Howard next contends that insisting on construing his motion as a petition for post-conviction relief is tantamount to declaring that a post-conviction petition is the only means by which a defendant may raise a claim after he or she is convicted. But this Courtþs expectation that those who may avail themselves of the post-conviction statutes will do so, does not mean that a petition for post-conviction relief is in all cases the only means to obtain review. In certain extraordinary cases, appellate review will be justified by exigent circumstances, regardless of the passage of time or the inability of the defendant to term his claim as a petition for post-conviction relief.

For example, in State v. Perry (1988), 232 Mont. 455, 758 P.2d 268, this Court determined that Perryþs plea for relief deserved review despite the lapse of over fifteen years and despite the fact that his request could not properly be considered a petition for post-conviction relief, a petition for habeas corpus, or an appeal. Perry, 758 P.2d at 272. In Perry, the claim by another individual that he alone had committed the crime of which Perry was convicted raised a serious and fundamental question regarding Perryþs guilt or innocence. The fact that the individual in question had only recently claimed

responsibility for the crime explained why Perry had not raised his claim at an earlier time.  These extraordinary circumstances justified this Courtþs review.

In the case at bar, however, Howard cannot show such extraordinary circumstances to excuse his failure to pursue post-conviction relief in a timely manner.  His counselþs potential conflict of interest apparently was known to him either at the time of his guilty plea or shortly thereafter, yet Howard took no steps to change his plea, appeal his conviction, or collaterally attack his sentence.   Now, over fifteen years later, he seeks to revisit the conviction and argue its validity.  This is precisely the sort of attack the post-conviction statutes were designed to address, and the District Court did not err in construing Howardþs filing as a petition for post-conviction relief.

2.  Did the District Court err by determining that Howardþs "Motion to Vacate Conviction," construed as a petition for post-conviction relief, was time-barred?

Howard next argues that even if the District Court did not err in deeming his motion to be a petition for post-conviction relief, it nevertheless erred in concluding the petition was time-barred due to the expiration of the statute of limitations.  We disagree.  The applicable statute is unequivocal on its face and states that "[a] petition for the relief referred to in 46-21-101 may be filed at any time within 5 years of the date of the conviction."  We have previously rejected a petition for post-conviction relief filed by Howard as being out of  time.  His claims have not become more timely by having been refiled in a different court under a different title.

The judgment of the District Court is affirmed.

/S/   WILLIAM E. HUNT, SR.


We Concur:

/S/   J. A.   TURNAGE
/S/   KARLA M. GRAY
/S/   JIM REGNIER
/S/   TERRY N. TRIEWEILER