No. 97-430 and 98-231

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 65N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOHN G. FAIRSERVICE, SR.,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John G. Fairservice, Sr., Deer Lodge, Montana (pro se)

For Respondent:

Joseph P. Mazurek, Attorney General, Jennifer Anders, Assistant Attorney General, Helena, Montana; Brant Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: November 24, 1998

Decided: April 1, 1999

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter**

Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2. John G. Fairservice, Sr., Petitioner herein, appeals from the order of the Eighth Judicial District Court , Cascade County, denying his third petition for postconviction relief on the grounds that the petition did not state a claim for relief.

¶3. Petitioner has presented nine issues on appeal. We find the dispositive issue to be:

¶4. Did the District Court err when it dismissed Petitioner's request for postconviction relief because of newly discovered evidence?

¶5. This is Petitioner's third request to this Court to overturn his 1991 conviction. Petitioner was convicted pursuant to a plea agreement which provided that the attempted deliberate homicide charge would be dismissed and the burglary charge amended to aggravated burglary as provided in § 45-6-204(2)(b), MCA. At his sentencing, Petitioner signed an acknowledgment of waiver of right by plea of guilty. The court conducted a thorough inquiry, as did Petitioner's attorney, concerning the voluntariness of Petitioner's plea, after which the court accepted Petitioner's plea of guilty. Petitioner was sentenced to a term of twenty years in the Montana State Prison, with ten years suspended, and an additional term of ten years for use of a weapon, both terms to run consecutively. Petitioner was designated a non-dangerous offender for parole eligibility purposes. He did not appeal that conviction.

¶6. On August 1, 1991, Petitioner filed his first postconviction petition with this Court setting forth the following grounds for relief: (1) his sentence was based on erroneous prejudicial information; (2) his guilty plea was not voluntary or intelligent; (3) he did not receive effective assistance of counsel; and (4) the court improperly ordered restitution. This Court denied the first three grounds for relief and remanded the case to the District Court for a determination of the effect of restitution on any insurance payments. The effect of the order was to deny the petition for postconviction relief.

¶7. Petitioner's second petition for further appellate review was by way of a request that the Court consider an appeal from Petitioner's sentence of May 3, 1991, or in the alternative, a petition for writ of habeas corpus, or in the alternative, a petition for

postconviction relief. The Court denied the appeal on the grounds that the time for appeal had long since passed. The Court further determined that the request for postconviction relief was denied because it had already been considered and denied in 1991 and could not be considered again. The Court treated the petition as a petition for writ of habeas corpus and ordered the State to respond. Following briefing, this Court dismissed the petition on grounds that the claims related to the validity of the conviction and were not properly the subject of a habeas corpus action.

¶8. Petitioner then filed with this Court a motion for a delayed evidentiary hearing due to newly discovered evidence. This Court dismissed the motion because it did not relate to any matter pending with this Court. Meanwhile, the District Court indicated it would treat Petitioner's motion as a petition for postconviction relief and ordered the State to respond. The court ultimately dismissed the petition for failure to state a claim.

¶9. Petitioner thereafter filed this appeal alleging the following: (1) the district court judge committed ethical violations in his handling of Petitioner's cases; (2) the district court judge is biased and should not have considered the postconviction petition because he was the judge who imposed the sentence; (3) a forensic report was wrongly suppressed at the sentencing hearing in April 1991; (4) Petitioner's reputation was ruined by hearsay evidence admitted at sentencing; (5) Petitioner's plea bargain was coerced; and (6) newly discovered evidence mandates a new trial.

¶10. Did the District Court err when it dismissed Petitioner's request for postconviction relief because of newly discovered evidence?


¶11. Montana's postconviction statute allows only one opportunity for a convicted person to collaterally attack a conviction via postconviction relief:

**Waiver of grounds for relief.** (1) All grounds for relief claimed by a Petitioner under 46-21-101 must be raised in the original or amended petition. Those grounds for relief not raised are waived unless the court on hearing a subsequent petition finds grounds for relief that could not reasonably have been raised in the original or amended petition.

Section 46-21-105, MCA (1991). *See* Blaney v. Gamble (1994), 266 Mont. 51, 52-53, 879 P.2d 51, 52-53. In addition, § 46-21-102, MCA (1991), requires that a petition for postconviction relief be filed within five years of the date of conviction. A defendant may not avoid application of these procedural rules by denominating the petition something other than a petition for postconviction relief. *See* State v. Howard (1997), 282 Mont. 522, 938 P.2d 710. So long as the claims concern the validity of the underlying conviction, they are properly considered claims for postconviction relief. Howard, 282 Mont. at 526-27, 938 P.2d at 712-13.

**¶12. This is Petitioner's third attempt to challenge the validity of his underlying conviction and sentence. The first attempt was in 1991 via a postconviction petition. The second attempt was in 1996 via what this Court deemed a habeas corpus petition. To the second attempt, the Court specifically held that Petitioner had already exhausted his right to pursue postconviction relief and refused to address Petitioner's claims which challenged the validity of his 1991 conviction.**

**¶13. The present appeal is based on a successive petition which is barred by § 46-21-105(1), MCA (1991). The petition is also outside the five-year statute of limitations imposed by § 46-21-102, MCA (1991). Petitioner cannot avoid these procedural mandates by entitling his petition as a "Motion for a Delayed Evidentiary Hearing Because of Just Recently Discovered New Evidence in Cause No. CDC-90-236a."**

**¶14. Petitioner's claim of newly discovered evidence does not excuse his procedural default. He has not presented this Court with any newly discovered evidence. He argued in District Court that searches of his property conducted in 1993 in connection with the homicide investigation of Dolanna Clark violated his rights. The District Court concluded that these allegations did not state a claim for relief in this proceeding.**

**¶15. In a postconviction proceeding, this Court reviews the lower court's conclusions of law for correctness. State v. Sullivan (1997), 285 Mont. 235, 239, 948 P.2d 215, 218. Even though the 1993 searches took place after the resolution of Petitioner's original postconviction petition, Petitioner filed numerous subsequent pleadings both in state court and in federal court and never mentioned this "newly discovered evidence." While this Court may consider claims based on newly discovered evidence which could not have been discovered earlier and which threaten to undermine the validity of the State's conviction, there must be more than mere allegations concerning an**

unrelated investigation. Petitioner fails to make any connection between the 1993 searches and his 1991 conviction, which was obtained upon a plea of guilty. Further, he does not set forth any reason why the evidence was not presented earlier in his 1996 effort to challenge his conviction. This Court has already determined the validity of Petitioner's 1991 conviction and sentence in an original postconviction action and Petitioner's present efforts are an abuse of process.

¶16. The District Court correctly determined that the petition failed to state a claim for relief. Petitioner's petition is untimely, it does not allege newly discovered evidence to warrant review, and it is a successive attempt to challenge a conviction that has already been determined valid.

¶17. The order of dismissal by the District Court is affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART