No. 14992

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

IN THE MATTER OF D. W. L., a Youth.

---

Appeal from:  District Court of the Eighth Judicial District,
              In and For the County of Cascade.
              Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

    For Appellant:

        Lawrence A. Anderson, Public Defender, argued,
          Great Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Richard Larson argued, Assistant Attorney General,
          Helena, Montana
        J. Fred Bourdeau, County Attorney, Great Falls, Montana
        Daniel L. Falcon argued, Deputy County Attorney,
          Great Falls, Montana

---

                        Submitted:   April 15, 1980
                          Decided:   AUG 14 1980


Filed:   AUG 14 1980


_Thomas J. Kearney_
                              Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

DWL appeals from the judgment of the Cascade County Youth Court declaring him to be a delinquent youth.

On May 18, 1979, while on routine patrol, Officer Robert Dull observed a blue Mercury car run a red light at the intersection of Central Avenue and Sixth Street in Great Falls, Montana. Officer Dull stopped the car, and when the driver told him he did not have a driver's license, Officer Dull asked the driver to join him in the patrol car. Officer Dull informed the driver that he was being cited for driving without a driver's license and for failure to stop at a red light. When Officer Dull asked the driver what his name was, the driver replied "Caincade" and spelled it accordingly. Officer Dull ran a registration check on the blue Mercury car and learned that it was registered to Tennison B. Kinkaid.

Officer Dull then brought the driver to the police station where he was identified as DWL, a minor youth. Officer Dull later returned the car to its owner, Tennison Kinkaid, at the owner's residence in Great Falls. Officer Dull testified that Kinkaid signed a stolen property report at that time. Subsequently, Officer Edward Sinnott was dispatched to Kinkaid's residence to pick up the stolen property report.

On May 29, 1979, the Cascade County Attorney initiated proceedings under Montana's Youth Court Act, section 41-5-101, et seq., MCA, to have DWL declared a delinquent youth. The petition alleged that DWL had taken a 1966 Mercury car without the owner's consent, in violation of section 45-6-301(1)(a), MCA. On June 8, 1979, DWL appeared before the Cascade County Youth Court and denied the offense alleged in the petition; DWL was released to his mother's custody.

-2-

The trial, denominated an adjudicatory hearing, was held on June 29, 1979. The evidence established that DWL had not been alone in the car. Greg Jarvey, Carmello Cozino, Caroline Jeffrey and Mary Brogden were in the car with DWL when stopped by Officer Dull. At trial the two girls described going for a ride in the car at the boys' invitation. However, neither girl had anything to do with the theft of the car.

Cozino testified that when he and Jarvey had met DWL earlier that day, DWL told them he had taken the keys to Kinkaid's car. Cozino related how he, Jarvey, and DWL later rode around in Kinkaid's car. He further testified that DWL started the car with the ignition key and was the first person to drive the car, but that he had also driven it. Jarvey also testified that DWL told him he had stolen the keys to Kinkaid's car. DWL did not testify at trial. Tennison Kinkaid, owner of the car, died prior to trial.

At the close of the State's case, DWL moved to dismiss the petition on the grounds of insufficient evidence. The Youth Court denied the motion on August 1, 1979. On August 28, 1979, the Youth Court entered findings and declared DWL to be a delinquent youth. In essence, the Youth Court found that the evidence adduced at trial established that DWL committed the charged offense, felony theft of the car. This appeal followed.

Two issues have been raised on appeal:

(1) Whether the testimony given by Officer Dull and Officer Sinnott concerning a stolen property report constitutes inadmissible hearsay evidence.

(2) Whether DWL's conviction was improperly based upon the testimony of other individuals who were legally accountable for the alleged offense.

-3-

DWL's first specification of error is that the testimony given by Officer Dull and Officer Sinnott concerning a stolen property report constituted inadmissible hearsay evidence. DWL contends that the Youth Court's ruling, which allowed both officers' testimony, constitutes reversible error.

Officer Dull testified, over DWL's objection, that he observed Kinkaid sign a stolen property report concerning the blue Mercury car. The State contends that Officer Dull's testimony was offered only to show that Kinkaid did sign the stolen property report, and that viewed in this light, Officer Dull's testimony is not inadmissible hearsay.

Rule 801(a), M.R.Evid., provides that nonverbal conduct of a person, if it is intended by him as an assertion, is a statement. Rule 801(b), M.R.Evid., defines a declarant as a person who makes a statement. Rule 801(c), M.R.Evid., defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. See State v. Newman (1973), 162 Mont. 450, 457, 513 P.2d 258, 262.

Officer Dull testified at trial that he observed Kinkaid sign a stolen property report. Kinkaid's signing of the report was nonverbal, assertive conduct. Kinkaid signed the report at his residence, and therefore it was an extrajudicial statement. The record clearly shows that the State offered the testimony of Officer Dull concerning Kinkaid's signing of the stolen property report to prove the fact that DWL exerted unauthorized control over Kinkaid's car. In other words, the State offered the testimony of Officer Dull to prove the truth of the matter asserted. Officer Dull's testimony constituted hearsay evidence.

-4-

Under Rule 802, M.R.Evid., hearsay is not admissible unless an exception to the hearsay rule exists. However, in the instant case we find no applicable exception to the hearsay rule. Therefore, we find that Officer Dull's testimony that he observed Kinkaid sign a stolen property report constitutes inadmissible hearsay evidence under Rule 802, M.R.Evid.

Officer Sinnott testified over DWL's objection, that he was dispatched to pick up a stolen property report on a car at Kinkaid's residence. DWL contends that Officer Sinnott's testimony also constitutes inadmissible hearsay evidence. The State contends that Officer Sinnott was asked only about his purpose in going to Kinkaid's residence and that such testimony does not constitute hearsay evidence. We disagree.

Clearly the report is hearsay, and again, the State was attempting to show DWL's unauthorized control of Kinkaid's car by introducing Officer Sinnott's testimony about the report. He, like Officer Dull, was testifying to an out-of-court statement by Tennison Kinkaid, and the testimony was offered to prove the truth of the matter asserted. Despite the State's contention otherwise, we can see no other purpose for the State introducing this evidence. Unless the testimony was to show that a theft had been committed, the mere fact that Officer Sinnott went to Kinkaid's home was not relevant to the case. Such evidence did not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable. . ." Rule 401, M.R.Evid. See also, State v. Sanders (1971), 158 Mont. 113, 117-118, 489 P.2d 371, 373. Therefore, we find the testimony concerning picking up "a signed stolen report" was introduced only to prove the truth of the matter asserted, and was inadmissible hearsay.

-5-

DWL's second specification of error is that his conviction was improperly based upon the testimony of Greg Jarvey and Carmello Cozino, and that they were legally accountable for the theft of Kinkaid's car under the provisions of section 45-2-302, MCA. DWL contends that the State must first establish the corpus delecti of the theft with evidence independent of the extrajudicial admission of DWL and independent of evidence offered by those legally accountable. The State contends that there was independent evidence which tends to connect DWL with the theft of Kinkaid's car, and that Jarvey and Cozino were not legally accountable for the theft of Kinkaid's car.

DWL was charged with, and found guilty of, the theft of Kinkaid's car, section 45-6-301(1)(a), MCA. The only element of the offense of theft disputed in the instant case is that of unauthorized control. Jarvey and Cozino both testified that DWL admitted to them that he stole the keys to Kinkaid's car. DWL told Jarvey and Cozino that he had stolen the keys to Kinkaid's car after he had actually taken the keys.

Section 46-16-213, MCA, provides that:

"A conviction cannot be had on the testimony of one responsible or legally accountable for the same offense, as defined in 45-2-301, unless the testimony is corroborated by other evidence which in itself and without the aid of the testimony of the one responsible or legally accountable for the same offense tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

In order to establish the crime of theft under section 45-6-301(1)(a), MCA, the State was required to prove that DWL purposely or knowingly obtained or exerted unauthorized control over Kinkaid's car. All that section 46-16-213, MCA, requires is that other, independent evidence tends to

-6-

connect the defendant with the commission of the offense; this requirement was satisfied in the instant case.

Officer Dull testified that when he stopped the vehicle DWL was driving, DWL gave a false name, and misspelled Kinkaid when questioned. This testimony was uncontradicted and it tends to directly connect DWL with the commission of the offense. Testimony of the two girls who rode with DWL also tends to connect DWL with the commission of the offense. The two girls testified that when they left a Great Falls establishment called The Fuse, DWL had the car parked in the parking lot. DWL was behind the wheel, started the car with the ignition key, and proceeded to drive the car.

In accordance with section 46-16-213, MCA, the State did introduce evidence on the element of unauthorized control, independent of DWL's extrajudicial admissions, which tended to connect DWL with the commission of the offense of the theft of Kinkaid's car. The testimony of Jarvey and Cozino concerning DWL's admissions was properly admissible.

The record contains sufficient independent evidence to support the district judge's ruling that Cozino's and Jarvey's testimony was admissible. That testimony, in conjunction with the independent corroborating evidence, could support a conviction in some cases. However, because of our determination that the testimony of Officer Dull and Officer Sinnott was inadmissible hearsay, we reverse DWL's conviction. The record does not show that the same result would have been reached by the court in this instance without the inadmissible hearsay. We find that the judge's ruling, allowing the testimony, so affected the substantial rights of DWL, Rule 14, M.R.App.Civ. P., that it cannot be viewed as harmless error.

-7-

Reversed.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Justices