No. 83-72(B)

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

THE STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

DAVID ALAN LAPIER,

        Defendant and Appellant.

_____


APPEAL FROM: District Court of the Eighth Judicial District,
           In and for the County of Cascade,
           The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Marcia Birkenbuel, Great Falls, Montana


    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        J. Fred Bourdeau, County Attorney, Great Falls,
        Montana

_____

Submitted on Briefs: November 23, 1983

Decided: February 2, 1984


Filed: FEB 2 - 1984


*Ethel M. Harrison*
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The defendant, David Alan LaPier, appeals from his conviction of attempt to commit burglary in the District Court of the Eighth Judicial District, Cascade County. We affirm his conviction.

In the early morning hours of May 9, 1982, Richard Pike, a former deputy sheriff, heard "banging" noises coming from the rear of the Anderson Office Machines building located directly across the alley from his home. He looked out one of his bedroom windows and saw what appeared to be a flashlight at the rear door of the Anderson Office Machines building and some shadowy figures of individuals. Pike then called the Great Falls Police Department and notified them that a break-in was in progress.

Deputy Sheriff Richard W. Donovan arrived at the alley behind Anderson Office Machines about 5 minutes after receiving the dispatch and noticed three individuals walking toward him down the alley. Donovan got out of his vehicle and ordered the three men to halt. Two of the men ran across the alley into an adjacent yard. The third man, later identified as the defendant, David Alan LaPier, stopped and was placed into custody by the deputy. The deputy searched LaPier and discovered a small flashlight in his pocket.

While LaPier was being placed into custody, another deputy sheriff, James H. Bruckner, searched the area north of Anderson Office Machines where the two men had last been seen. He found one of the suspects, George Owens, hiding in one of the yards nearby. The other suspect, Dale Gladue, was found crouching near a wood pile and was detained by Pike.

Both Owens and Gladue were taken into custody and charged with attempted burglary.

During a follow-up investigation of the Anderson Office Machines incident, an officer of the Great Falls Police Department obtained a tire iron that had been found in the alley behind Anderson Office Machines near where the defendants were first seen by deputy Donovan. It was found that the tire iron matched the pry marks on the back door of the Anderson Office Machines building. The officer also took photographs of the footprints found on the floor and on the doormat near the door. He testified that one of the footprints positively matched the sole pattern of the shoe worn by Owens, and that the other prints appeared to be made by shoes with the same sole pattern as those worn by Gladue.

The defendant, LaPier, pled "not guilty" to the charge of attempted burglary and trial was held on November 16 and 17, 1982. After the state rested its case, counsel for LaPier moved the court for permission to introduce the testimony of Daniel L. Loomis, a detective for the Great Falls Police Department. On the night of May 9, 1982, Detective Loomis had interviewed a possible witness to the attempted break-in at Anderson Office Machines. Deane Malone, a Canadian citizen, told Detective Loomis that he had been sitting in his car at the gas station directly next door to the Anderson Office Machines building, when he saw three individuals walk around the corner of the alley to the back of the building. According to Malone, one of the individuals, whom he later identified as Owens, ran upstairs to the back of the building, while the other two went around to the side of a van which was parked in the alley. Malone stated that because of his position in relation to the

building, he could not see Owens after he ran up the stairs, but that through the windows of the van he could see the other two individuals moving back and forth. It did not appear to him that the two individuals were carrying anything.

While admitting that Detective Loomis' testimony as to his interview with Malone would constitute hearsay, LaPier's counsel argued that the testimony should be admitted under Rule 804(b)(5) of the Montana Rules of Evidence. The court, however, found insufficient circumstantial guaranties of trustworthiness as required by Rule 804(b)(5) and denied the admission of the testimony. The defense then rested without producing any evidence.

The jury returned a verdict of guilty and LaPier was given a three year suspended sentence, with six months to be served in the county jail.

The sole issue on appeal is whether the District Court erred in ruling that Detective Loomis' testimony was not admissible under Rule 804(b)(5), Mont.R.Evid.

Rule 804(b)(5), Montana Rules of Evidence provides:

"(b)    Hearsay exceptions.   The following are not
excluded by the hearsay rule if the declarant is
unavailable as a witness:"

"(5)      Other   exceptions.     A    statement   not
specifically   covered   by   any   of   the   foregoing
exceptions   but   having   comparable   circumstantial
guarantees of trustworthiness."

The state contends that Detective Loomis' testimony as to his interview with Malone fails to meet the requirement of Rule 804(b)(5) that such testimony possess "circumstantial guarantees of trustworthiness" comparable to the other enumerated exceptions in Rule 804(b)(5). Therefore, the

"trustworthiness" requirement of Rule 804(b)(5) must be explored.

Rule 804(b)(5) of the Montana Rules of Evidence is significantly different from its federal counterpart. In addition to the requirement of equivalent circumstantial guaranties of trustworthiness, the federal rule requires that (A) the statement is offered as evidence of a material fact; (B) it is more probative on the point for which it was offered than any other evidence; and (C) the general purposes of the rules and the interests of justice will be served by its admission.

When the Montana Supreme Court Commission on Evidence was formulating the Montana Rules of Evidence, it determined that the residual exception should allow room for growth and development of the law of evidence in the area of hearsay and that the additional conditions imposed by the federal rule were too restrictive and contrary to the purpose of the provision. Therefore, the conditions imposed by the federal rule were omitted from Montana's version of the residual exception. Because of this omission, an analysis of the applicability of Rule 804(b)(5) centers on whether "comparable circumstantial guarantees of trustworthiness" exist.

The Commissioners suggest that "the circumstantial guarantees of trustworthiness found in the Commission Comments to each of the other exceptions in Rule 804(b)(5) are to be applied with this exception in finding 'comparable guarantees of trustworthiness.'" See the Commission Comments following Rule 804(b)(5) and Rule 803(24) Mont.R.Evid.

In regard to the first exception enumerated in Rule 804(b), former testimony, the Commission states that the

- 5 -

circumstantial guaranties of trustworthiness can be found in the conditions under which this type of hearsay statement is made; that is, the witness is under oath and subject to cross-examination. The circumstantial guaranty of trustworthiness found in the second exception, statements made under belief of impending death, are the requirements that the statement be made under a sense of impending death and that it concern the cause of death. The third exception, statements against interest, have as their circumstantial guaranties of trustworthiness the fact that persons generally do not make statements against their interest unless those statements are true. The fourth exception, statements of personal or family history, also have as their circumstantial guaranty of trustworthiness a propensity for the truth. The Commission found that the guaranty arises "when the topic is such that the facts are likely to have been inquired about and that persons having personal knowledge have disclosed facts which have thus been discussed in the community; and thus the community's conclusion, if any has been formed, is likely to be a trustworthy one." Citing 5 Wigmore on Evidence, § 1580 at 444.

The District Court found that the only factor which could be considered a guaranty of trustworthiness in the circumstances surrounding Malone's statements to Detective Loomis is the fact that Malone was apparently a disinterested observer to the incidents which occurred on May 9, 1982. However, upon examining the circumstantial guaranties of trustworthiness upon which the other exceptions are based, the District Court concluded that Malone's disinterest alone would not satisfy the requirements of trustworthiness under Rule 804(b)(5).

We agree. We will ordinarily defer to the discretion of the District Court on matters of admission of evidence, particularly where the court is determining circumstantial guaranties of trustworthiness, unless an abuse of discretion is clearly shown.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____