No. 86-507

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

MARGARET HEISLER,

       Plaintiff and Respondent,

-vs-

RITA GAYLE BOULE, Personal Representative
of the Estate of Robert Boule, Deceased,

       Defendant and Appellant.

---

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Conklin, Nybo & LeVeque; E. Lee LeVeque, Great Falls,
Montana

    For Respondent:

        Dennis P. Conner, Great Falls, Montana

---

Submitted on Briefs:  Jan. 15, 1987

Decided:  April 7, 1987

Filed:

_E̶t̶h̶e̶l̶ M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Rita Gayle Boule, as personal representative of the estate of Robert Boule, appeals a July 30, 1986 order for a new trial granted by the District Court of the Eighth Judicial District, Cascade County. We affirm the District Court's order.

This is a civil action in which the plaintiff, Margaret Heisler, sued the estate of defendant Robert Boule seeking recovery for injuries she sustained in an automobile accident in March of 1983, at an intersection in Great Falls, Montana. Trial was held in Cascade County in July, 1986. The jury returned a special verdict finding the defendant 36% negligent (by an 8-4 vote) and the plaintiff 64% negligent (by a 12-0 vote), thereby allowing the plaintiff no recovery. Plaintiff moved for a new trial, alleging error in the admission of a tape recorded statement made by Boule following the accident. Heisler's motion for a new trial was granted by the District Court and the defendant has brought this appeal.

Three issues are raised on appeal:

1. Whether the decedent's tape recorded statement, made to his insurance claims representative six days after the accident, was admissible under the residual exception to the hearsay rule

2. Whether the admission of the Boule tape recorded statement was harmless error because it was cumulative evidence or prejudicial error entitling Heisler to a new trial.

3. Whether the trial judge abused his discretion by granting plaintiff-respondent Heisler's motion for a new trial.

On March 10, 1983, two automobiles, operated by Margaret Heisler and Robert Boule, collided at the intersection of 9th Street and 8th Avenue North in Great Falls. Heisler had made a left-hand turn at the intersection in front of the oncoming Boule vehicle and the two cars collided, causing injuries to both drivers. Heisler was cited by the investigating Great Falls City Police Officer for a right-of-way violation.

Heisler filed a personal injury lawsuit against Boule's estate in May, 1985, claiming that his car was traveling at an excessive speed and that his negligence was, therefore, the proximate cause of the injuries she sustained in the accident. Boule had died in October from injuries he suffered in another automobile accident in which he was a passenger.

Immediately following the accident, a Great Falls Police Department traffic investigator interviewed both drivers and conducted an investigation of the accident. The interviews took place both at the scene of the accident and shortly after at the hospital where both drivers had been taken. Boule told the officer that he was traveling within the posted speed limit of 30 m.p.h., that the Heisler vehicle had made a left-hand turn in front of him and that he was unable to avoid the collision.

Boule and Heisler were insured by the same insurance company, and six days after the accident they both gave tape recorded statements to an insurance claims representative from their company. The portion of Boule's statement at issue here follows:

> Q. (By insurance representative) Why don't you just give us direction of travel, and your side of

the story as what happened that day. A. (By Boule) Okay, I was traveling north on 9th Street, and as far as I can remember, she was traveling south on 9th Street and she just made a left-hand turn right in front of me. I didn't have time to hit the brakes or anything, she was just right there, and I hit her.

Q. What is the approximate speed limit there?
A. It's 30 miles per hour.

Q. Okay, and you were traveling? A. I was traveling about 30 miles per hour.

Q. Is there anything you might add, just to clarify the situation as far as my report? A. No, I can't think of anything other than, you know, there just wasn't any time to react to her being in front of me.

Defendant-appellant Boule filed a motion in limine with the court seeking an order allowing the admission at trial of Boule's tape recorded statement. The trial court ruled that this statement was admissible because it fell within the residual exception to the hearsay rule.

At trial, over Heisler's objection, the tape was played for the jury by the insurance claims adjuster. The tape was edited, by order of the District Judge, to remove evidence of insurance.

Following a verdict for the defense, plaintiff's counsel filed a motion for a new trial, alleging that the tape recording of the decedent was an inadmissible hearsay statement improperly admitted at trial. The trial judge reversed his earlier ruling and granted plaintiff a new trial, relying on the authority of In the Matter of D.W.L. (1980), 189 Mont. 267, 615 P.2d 887.

The first issue we will address is whether the decedent's tape recorded statement was admissible under the residual exception to the hearsay rule.

Rule 801(c), M.R.Evid., provides that "[H]earsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 802, M.R.Evid., provides that "Hearsay is not admissible except as otherwise provided by statute, these rules, or other rules applicable in the courts of this state." Rules 803 and 804, M.R.Evid., list the hearsay exceptions. Both include residual exceptions, which state:

> Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having comparable circumstantial guarantees of trustworthiness. (Emphasis added.)

Rule 803(24), and Rule 804(b)(5), M.R.Evid. Rule 803(24) is the counterpart of 804(b)(5) in all respects except that the unavailability of the declarant need not be demonstrated as a prerequisite for admission of the evidence. Rule 804(b)(5) is applicable here as Boule fell within its definition of an unavailable witness.

Appellant Boule argues that although the tape recorded statement is hearsay, it falls within the exception set out above, because the recorded statement possesses "circumstantial guarantees of trustworthiness" comparable to the other enumerated exceptions in Rule 804(b)(5). In support of this assertion, appellant argues:

> There are many factors indicating the statements of Mr. Boule were trustworthy and therefore admissible. First, Mr. Boule had made prior identical statements on the day of the accident to investigating Great Falls City Police. Second, the statement was a formal, tape recorded statement made with Boule's permission which would later be preserved and transcribed. Third, the statement was corroborated by the investigating police officer who examined the scene, interviewed the drivers and witnesses, and cited the other driver.

- 5 -

Fourth, the statement was made within a few days of the accident when the events were still fresh in Boule's mind. Fifth, the police investigation had been concluded and the other driver cited. Sixth, the statement was made to the insurance claims representative, the "authority" handling the insurance claim. Seventh, since both drivers were insured by Farmers, the "fault" of either was of little significance, there was coverage in any event for the injuries sustained by the two drivers. Eighth, the statement was corroborated by the automobile accident reconstruction expert who thoroughly and scientifically investigated the crash. Ninth, there was no conflicting evidence testified to at trial by any of the eyewitnesses or the plaintiff herself as to the speed of Boule's vehicle in excess of the 30 mile per hour limit.

We examined the trustworthiness requirement in State v. LaPier (Mont. 1984), 676 P.2d 210, 41 St.Rep. 203. There we noted that the way to determine whether or not the proposed evidence has comparable guarantees of trustworthiness is to apply the circumstantial guarantees of trustworthiness found in the other exceptions in Rule 804(b)(5):

> In regard to the first exception enumerated in Rule 804(b), former testimony, the Commission states that the circumstantial guaranties of trustworthiness can be found in the conditions under which this type of hearsay statement is made; that is, the witness is under oath and subject to cross-examination. The circumstantial guaranty of trustworthiness found in the second exception, statements made under belief of impending death, are the requirements that the statement be made under a sense of impending death and that it concern the cause of death. The third exception, statements against interest, have as their circumstantial guaranties of trustworthiness the fact that persons generally do not make statements against their interest unless those statements are true. The fourth exception, statements of personal or family history, also have as their circumstantial guaranty of trustworthiness a propensity for the truth. The Commission found that the guaranty arises "when the topic is such that the facts are likely to have been inquired

about and that persons having personal knowledge have disclosed facts which have thus been discussed in the community; and thus the community's conclusion, if any has been formed, is likely to be a trustworthy one." Citing 5 <u>Wigmore</u> <u>on</u> <u>Evidence</u>, section 1580 at 444.

676 P.2d at 211, 41 St.Rep. at 206.

The facts of this case do not satisfy the requirements of trustworthiness under Rule 804(b)(5). There was no sense of impending death, no statement against interest, nothing about personal or family history, and Boule's statement was not made under oath or subject to cross examination. Defendant argues that there were nine factors insuring the trustworthiness of Boule's statement to the claims adjuster. Of the nine factors, three pertain to the supporting evidence given by the investigating police officer. Her testimony was admitted at trial, and although it supports Boule's position, it does not provide the "circumstantial guarantees of trustworthiness" required by 804(b)(5) necessary to permit the taped statement to be used as evidence. The officer's testimony stands in and of itself, it does not guarantee the truthful nature of Boule's statement to the adjustor. This is true also for the evidence given by the automobile accident reconstruction expert. Also, the fact that there was no conflicting eyewitness testimony does not directly attest to Boule's veracity when giving his insurance claim statement.

Five of the nine arguments focus on the formal "authoritative" process used by the claims investigator in the interview. Defendant implies that since the process was a formal one, the guarantees of trustworthiness were comparable. We cannot accept defendant's assertion. There is too great a leap of logic to be made in reaching the conclusion that statements made to an insurance claims

adjustor have a guarantee of trustworthiness comparable to the situations listed in Rule 804(b)(5).

For these reasons we hold that the recorded statement was not admissible under the residual exception to the hearsay rule.

Defendant next argues that the admission of the tape recorded statement, even if found to be inadmissible hearsay, was harmless error because it was merely cumulative evidence, and asserts that because of this, a new trial is not required. Defendant supports her assertion by pointing to the testimony given by the investigating police officer that Boule told her he was driving within the 30 m.p.h. speed limit, that she believed he was traveling within the speed limit, and that she felt that the cause of the accident was Mrs. Heisler's improper left-hand turn. Defendant also points to the testimony of the accident reconstruction expert, arguing that his testimony, in addition to the police officer's, contributed to the conclusion that Boule was not speeding, and that this evidence was sufficiently clear that admission of the tape recording was harmless error.

We find that admission of Boule's tape recorded statement was clearly prejudicial, and not merely harmless cumulative evidence. The taped statement was introduced to the jury as evidence without explanation about the circumstances under which it was taken. The jury did not know that the statement was given by Boule to his insurance company's claim representative. The jury was not exposed to any foundational information reflecting biases or prejudices on the part of the adjustor in asking the question or Boule in answering them. The tape was introduced without information that the jury needed to put Boule's statement in proper perspective.

It is a well established general rule that evidence pertaining to a party's liability insurance coverage is inadmissible to prove whether the party acted negligently. Rule 411, M.R.Evid. However, Rule 411 contains the caveat "This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of . . . bias or prejudice of a witness." Clearly, the conditions under which Boule's tape recorded statement was taken should have been made known to the jury, as bias and prejudice were both factors potentially effecting both Boule's answers and the investigator's questions. Plaintiff should have been permitted to show that the recorded statement was taken by an employee of defendant's insurance company. Complete Auto Transit, Inc. v. Wayne Broyles Engineering Corp. (5th Cir. 1965), 351 F.2d 478; Mideastern Contracting Corp. v. O'Toole (2d Cir. 1932), 55 F.2d 909. Hence we hold that admission of the recorded statement without foundational testimony was neither cumulative nor harmless error.

Respondent's final issue is her argument that the trial judge abused his discretion by granting Heisler's motion for a new trial based on In the Matter of D.W.L. (1980), 189 Mont. 267, 615 P.2d 887.

The judge's order granting a new trial stated:

THIS MATTER coming on for hearing on Plaintiff's Motion for a New Trial and in consideration of the case of In the Matter of D.W.L. (1980), ___ Mont. ___, 615 P.2d 887, the Court finds that inadmissible hearsay was improperly admitted during trial and that the Plaintiff was unfairly prejudiced thereby. Therefore, it is hereby

ORDERED, that the Plaintiff's motion be and the same hereby is granted; that the judgment heretofore entered herein be and the same hereby is set aside, and that a new trial be had.

Respondent argues that granting a new trial based on the case cited was an abuse of the District Court's discretion and should be overturned.

There are several well established rules governing new trials. The trial court has broad discretion in granting or refusing to grant a new trial. Ployhar v. Board of Trustees of Missoula County High Schools (1980), 187 Mont. 363, 609 P.2d 1226. Also, an order granting a new trial will be upheld if it can be sustained on any ground contained in the order. Ployhar, supra; Tigh v. College Park Realty Co. (1967), 149 Mont. 358, 427 P.2d 57. However, a prima facie case of abuse of discretion may be made by discrediting the grounds specified for granting the new trial. Tigh, supra.

The question before this Court then is whether the order may be sustained on the ground specified by the District Court as the reason for granting the new trial. In this case, the District Court relied on In the Matter of D.W.L. for its order granting a new trial. The appellant argues that D.W.L. is "completely distinguishable" from the instant case.

The analogy between this case and In the Matter of D.W.L. is sufficient to uphold the District Court's order. In the Matter of D.W.L. involved a youth accused of taking a car without the owner's consent. The complaining victim signed a stolen auto report on the day his vehicle was stolen, but died before the hearing. Because of his death, the State faced the problem of proving that the vehicle was taken without the owner's consent. The stolen auto report was inadmissible hearsay. In order to establish this element of the crime, the State had one police officer testify that he had watched the complainant sign the stolen property report and another officer testify that he had picked up the stolen property report from the complainant's residence.

This Court found the testimony of the two officers to be inadmissible hearsay, offered only to prove the truth of the matter asserted, i.e., the fact that D.W.L. exerted unauthorized control over the car.

Although we are not confronted with the same factual scenario in this case, the rule of law established in In the Matter of D.W.L. is certainly applicable here. Clearly the only reason to play Boule's tape recorded statement for the jury was to prove the truth of the matter asserted, that Boule was driving within the speed limit and that it was Heisler's poor driving that caused the accident. The recording was hearsay. Further, in D.W.L., this Court found that the policemen's testimony regarding the stolen property report was not admissible under any of the exceptions to the hearsay rule. Certainly the statement in D.W.L. was more reliable than the one given in this case, as it was made in the presence of a police officer for an official investigation. Nonetheless, we did not find any applicable exceptions to the hearsay rule. We believe that application of the rule of law established in In the Matter of D.W.L. was logical and that the District Court exercised proper discretion in ruling that a new trial was necessary.

Affirmed.

John L. Sheehy
_____
Justice

We Concur:

J. A. Turnage
_____
Chief Justice

_____

William E. Hunt Sr.
_____
Justices

11

Mr. Justice L. C. Gulbrandson, specially concurring:

I concur in the result but not in all that is said in the Opinion.

_____
                      Justice