No. 87-249

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

THOMAS J. CYR,

Defendant and Appellant.

APPEAL FROM:  District Court of the Third Judicial District,
In and for the County of Deer Lodge,
The Honorable Robert J. Boyd, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

C. F. Mackay, Anaconda, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Joe R. Roberts, Asst. Atty. General, Helena
John N. Radonich, County Attorney, Anaconda, Montana

Submitted on Briefs:  Oct. 29, 1987

Decided:  December 3, 1987

Filed:  DEC 3 - 1987

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Third Judicial District of the State of Montana, in and for the County of Deer Lodge, the Honorable Robert Boyd presiding. The appellant was charged with the crime of aggravated assault, a felony, in violation of § 45-5-202(1), MCA. He was found guilty by a jury after a five day trial of the crime of felony assault. Thereafter a notice was filed requesting a new trial based on newly discovered evidence. The motion was denied by the District Court and this appeal followed. We affirm.

Testimony at trial indicates that Brenda Cyr, appellant's wife, met two men from Butte, Montana at an Anaconda, Montana, bar, on June 25, 1986. One of the men, Mark Spolar, testified that he understood that Brenda and her husband were separated. During the afternoon of June 25, 1986, Brenda, in the company of Spolar and others, frequented several bars in the city of Anaconda. Throughout the late afternoon and evening, several encounters were had with the appellant who was trying to get his wife to come home. In one of the encounters, Brenda went over to the appellant's car, he jerked her around, grabbed her by the throat and cursed her, all of which made her more reluctant to accompany the appellant to their home.

After frequenting several bars most of the afternoon and early evening, Spolar, with several of his motorcycle club friends decided to return to Butte. When they went outside, one of them, after getting on a motorcycle and starting off, was pursued by the appellant in his car. This appeared to them to be an attempt to run them over.

During the day when appellant went to one of the bars where the group was partying, and after he had confronted

2

several of them, several members of the group reported seeking a gun on appellant, though he did not use it in a threatening manner. However, the several of the members were alerted that he was armed. This called for some discussion, particularly after his alleged attempt to run down the motorcyclists.

At closing time, Mark Spolar, Manuel Madrid, and Brian Shepard, went outside the Garden Bar, where they again encountered the appellant, seated in his car. Manuel Madrid by that time had obtained a hand gun from Jean Woodbury, one of the women in the party, so that they would have some "equal protection" in case they were confronted by the appellant. About that time, Spolar confronted the appellant in his car and he attempted to get him out of his car and in the process kicked out at least one window. At that time the appellant fired his pistol, hitting Mark Spolar in the groin area. Several more shots were fired by the appellant, and at that time Manual Madrid opened fire on the appellant. One of the shots fired by Madrid wounded appellant's small son who was seated inside the appellant's car.

An investigation followed and the appellant and Madrid were both charged by the authorities of Deer Lodge County. The appellant received a nine year sentence with four years suspended. Also, his sentence was enhanced by an additional three years, to be served consecutively with the above sentence, for the use of a firearm in the commission of the offense.

Three issues are presented for review by this Court:

(1) Whether there was sufficient evidence before the jury upon which to base their verdict.

(2) Did the District Court err in refusing to grant appellant's motion to dismiss at the close of the State's case?

(3) Did the District Court err in refusing to grant the appellant's motion for a new trial on the basis of newly discovered evidence?

Concerning issue 1, sufficiency of the evidence, there is no dispute that the appellant shot Mark Spolar. There were witnesses other than Spolar to that effect, and Spolar's testimony is sufficient of itself to convict. Spolar's activities in kicking out the window were not sufficient, and were not found to be sufficient by the jury, for the appellant to open fire, shooting through the door of his car and seriously wounding Spolar. This is a question for the jury. The jury heard the evidence in the five-day trial and their verdict indicates that after listening to all witnesses they found the appellant guilty.

In proving the offense of felony assault, the State had to prove the following elements: (1) purposely or knowingly cause; (2) bodily injury; (3) to another; (4) with a weapon. Section 45-5-202(2), MCA.

In State v. Oliver (Mont. 1987), 742 P.2d 999, 1002, 44 St.Rep. 1567, 1572, we stated:

> The standard for review of the sufficiency of the evidence is: "Whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560, 573.

Under this standard there was sufficient legal evidence to support the jury's verdict.

The second issue is whether the court properly denied defendant's motion to dismiss. Here the appellant's argument is tied closely to the first issue where we found sufficient evidence to convict. As noted above, there was substantial

4

credible evidence to support the charges and therefore the trial court correctly denied appellant's motion.

Issue 3, did the court properly deny the motion for a new trial? Section 46-16-702, MCA, provides for the granting of a motion for new trial "in the interest of justice." Where the basis for the motion for new trial is newly-discovered evidence, the long-standing criteria for evaluating the motion has been set forth by this Court in State v. Greeno (1959), 135 Mont. 580, 342 P.2d 1052. In Greeno this Court established the following criteria:

> (1) That the evidence must have come to the knowledge of the applicant since the trial; (2) that it was not through want of diligence that it was not discovered earlier; (3) that it is so material that it would probably produce a different result upon another trial; (4) that it is not cumulative merely--that is, does not speak as to facts in relation to which there was evidence at the trial; (5) that the application must be supported by the affidavit of the witness whose evidence is alleged to have been newly discovered, or its absence accounted for; and (6) that the evidence must not be such as will only tend to impeach the character or credit of a witness.

Greeno, 135 Mont. at 586, 342 P.2d at 1055. All six of the criteria are stated in the conjunctive, and as noted below, defendant fails to establish at least the first three.

In State v. Lewis (1978), 177 Mont. 474, 483, 582 P.2d 346, 351, this Court held that the decision to grant a new trial lies within the discretion of the trial judge and will not be disturbed on appeal unless a clear abuse of discretion is shown. We have also noted that motions for a new trial based on newly-discovered evidence are not favored because the defendant has already had time, prior to trial, to prepare his case. Greeno, supra. Two recent cases cited the

5

criteria in Greeno. State v. Kutnyak (Mont. 1984), 685 P.2d 901, 909, 41 St.Rep. 1277, 1287; and State v. Short (Mont. 1985), 702 P.2d 979, 984, 42 St.Rep. 1026, 1032. In Kutnyak, it was only necessary to cite three of the criteria, but we note that all six are appropriate.

Noting the evidence presented in light of the Greeno criteria, we note a bullet hole in the car that was previously unfound was observed by appellant's counsel during trial. He had ample opportunity to question the State's expert witnesses on firearms, but now alleges he did not appreciate the significance of that evidence. However, the vehicle had been impounded on the day of the shooting, June 26, and was available for inspection and examination by the appellant during the whole period of some six months. Having failed to bring this forward, the evidence is not sufficient to set aside the verdict.

Concerning the second criterion for evaluating newly-dicovered evidence, regarding whether it could have been discovered earlier, the appellant had considerable time to find this evidence. Much of the above analysis applies here. Having failed to bring it to the attention of the court such failure comes too late in this trial to set aside the verdict.

A third criterion is that appellant must show that the presence of the evidence at trial would probably have produced a different result. As noted above, there was no other supporting evidence at trial for the contention that he now makes claiming Spolar had a gun at the time he approached the appellant's vehicle. This "new evidence" does not resolve a disputed point in the appellant's favor, rather it attempts to raise an entirely new issue which is not supported by any other facts in evidence. Further, this "new evidence" is not necessarily inconsistent with the testimony of the trial. Manuel Madrid apparently fired four shots at

6

the appellant's vehicle and some were fired from an angle behind the vehicle as the appellant sped away from the scene of the trouble.

The trial judge heard the appellant's argument for a new trial and ruled against that motion and stated the following:

> There certainly has not been any exhibition of diligence in examining the vehicle, because the Court notes it was impounded on or about the 27th of June, and subsequently made available to the witness for the State, just as it was readily available for any witnesses that the defendant wished to present. It does not appear that this is in fact new evidence, but is, at most, evidence which was not fully explored by the Defendant, and the Motion for New Trial is denied.

The decision of the District Court is affirmed.

Justice

We concur:

Chief Justice

Justices

Mr. Justice John C. Sheehy, specially concurring:

I agree with the result based on the jury verdict.

Justice

7