No. 86-323

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

JAMES GONZALES,

        Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        J. Mayo Ashley, HELENA, Montana

    For Respondent:

        Honorable Mike Greely, Attorney General, Helena, Montana
Clay R. Smith, Assistant Attorney General,
Mike McGrath, Lewis and Clark County Attorney,
Helena, Montana
Carolyn Clemens, Deputy County Attorney

Submitted on Briefs: February 18, 1988

Decided:   MAR 2 4 1988

Filed: MAR 2 4 1988

*Ethel M. Harrison*

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Appellant James Gonzales appeals his conviction for theft in the District Court of the First Judicial District, Lewis and Clark County. We affirm.

Mr. Gonzales contends that the District Court erred by admitting evidence obtained in violation of his search and seizure rights under the Fourth Amendment to the United States Constitution, and Article II, §§ 10 and 11, of the Montana Constitution. The asserted violation stems from police placement of florescent detection powder on the exterior of an automobile owned by Mr. Gonzales's brother, Jason Gonzales. The police applied the powder to Jason Gonzales's automobile without first obtaining a warrant. After the powder was placed on the vehicle, police found traces of similar powder at different locations within a Helena home which had been burglarized. The police officers investigating the burglary used the presence of the powder at the Helena home to obtain a search warrant for Jason Gonzales's home and automobile. The searches of the automobile and home revealed evidence the State used to charge both Jason and James on counts of burglary and theft.

The codefendants moved the District Court to suppress the evidence contending that placement of the powder on the car constituted an illegal search and seizure of the car, and that evidence obtained as a result of the application of the powder constituted fruit of the poisonous tree. The District Court denied the motion holding that the application of the powder to the car did not constitute a search or seizure so as to implicate search and seizure rights under the United States Constitution and the Montana Constitution. Following this ruling the codefendants moved to sever their trials and the District Court granted the motion. After the separation

of the trials, Jason pled guilty to both counts. James proceeded to trial, and the jury returned a verdict convicting him of the count for theft.

Mr. Gonzales contends on appeal that the lower court erred by concluding that placement of the powder on the car and the transfer of the powder to his hands did not constitute a search or seizure. The State responds that the District Court correctly concluded that the application of the powder did not constitute a search or seizure, and that even if a search or seizure existed, Mr. Gonzales lacks standing to contest its validity. We affirm because Mr. Gonzales lacks standing on this issue.

An individual must have either a property or possessory interest in the automobile searched or seized by the police to assert standing for violations of the Fourth Amendment to the United States Constitution. Rakas v. Illinois (1978), 439 U.S. 128, 148, 99 S.Ct. 421, 433, 58 L.Ed.2d 387, 404. The same holds true with regard to the Article II guarantees of the Montana Constitution. State v. Ribera (1979), 183 Mont. 1, 8-9, 597 P.2d 1164, 1168-69. Thus, the threshold question here is whether Mr. Gonzales can claim either interest in his brother's automobile.

As part of his defense, Mr. Gonzales maintained that he had no property interest in the automobile, and that he never drove it. Therefore, even if the application of the powder constituted an illegal search or seizure of his brother's vehicle, Mr. Gonzales lacks standing to object to the violation. Inasmuch as Mr. Gonzales cannot assert standing, we decline to address the issue of whether a search or seizure existed as a result of the use of the powder. Affirmed.

_____
Justice

We Concur:

3

_____
Chief Justice

_____

_____

_____
Justices