No. 88-33

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

EVERETT FRANCIS POWERS,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Deirdre Caughlan; Dunlap & Caughlan, Butte, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Joe Roberts, Asst. Atty. General, Helena
        Robert M. McCarthy, County Attorney, Butte, Montana
        Brian Holland, Deputy County Atty., Butte, Montana

---

Submitted on Briefs:  June 9, 1988

Decided:  July 19, 1988

Filed:  JUL 1 9 1988

_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Defendant Powers appeals his September 17, 1987, jury convictions in the Second Judicial District Court, Silver Bow County, for robbery, sexual assault and sexual intercourse without consent by accountability. Powers was sentenced to ten years on each of the three counts to be served consecutively. Defendant was designated a dangerous offender.

We affirm.

Powers raises three issues on appeal:

1) Did the District Court err in not allowing a defense witness to testify as to a hearsay statement made by an unavailable accomplice and err in allowing a prosecution witness to testify as to a hearsay statement made by the unavailable accomplice?

2) Was there adequate foundation and identification of a knife, obtained from the unavailable accomplice, which was used to threaten the victim?

3) Does substantial evidence support the conviction?

The twenty-eight-year-old male victim, L.H., had a casual friendship with defendant Powers. On the evening of April 17, 1987, Powers introduced L.H. to Paula Butler at Paula's apartment. Later in the evening Paula began to make sexual advances toward L.H. Taken aside, Powers told L.H. that Paula wanted to have sex with L.H. while Powers watched. After L.H. objected, Powers became physically abusive toward L.H. Paula approached Powers and L.H. with a knife, which she gave to Powers. Upon being threatened with the knife, L.H. did as he was told and undressed. Then Powers and Paula undressed. During the evening, L.H. was forced at knifepoint to perform sexual acts upon the defendant and Paula. Powers continued to be physically abusive toward L.H. The defendant

2

and Paula ended their assault by sexually abusing L.H. with a broom stick.

After these assaults, two people, who later testified at the trial, stopped by Paula's apartment for about ten to fifteen minutes. Each testified as to seeing a naked man standing in the corner of the bedroom shaking and identified the man as L.H. They also testified as to seeing Powers strike the man. After they left, defendant and Paula took the naked L.H. to L.H.'s apartment. Paula waited in the car while Powers and L.H. went inside. Powers proceeded to take some of L.H.'s belongings. Powers then allowed L.H. to put on a pair of pants. The two left the apartment and returned to the car. While Powers was talking with Paula, L.H. escaped and ran barefoot, wearing only a pair of pants, to the police station about two blocks away. L.H. made a statement, was taken to the hospital, examined by a physician and admitted.

On May 2, 1987, Powers was charged with felony counts of assault and felony robbery and was later charged with sexual assault, sexual intercourse without consent by accountability and deviate sexual conduct without consent. Paula was also charged with several criminal offenses but fled the jurisdiction and was unavailable at the time of trial.

Issue 1: Hearsay statements attributed to Paula Butler.

Defendant claims that the District Court erred in admitting into evidence a hearsay statement of Paula Butler offered by the prosecution and in denying the defense the admission of another statement attributed to Paula Butler.

Paula Butler, an alleged accomplice in the commission of the acts for which the defendant has been convicted, was unavailable as a witness in defendant's trial. A warrant for

3

the arrest of Paula Butler was outstanding and a subpoena directed to her was returned with information that she could not be found at the time of trial.

Detective Albert Johnson, who was investigating the offenses committed upon L.H., had occasion to be at Paula Butler's apartment. He testified:

> I asked Paula Butler if she would give up the knife that was alleged to have been used in this crime. At that time she pointed to the sink cupboard in the kitchen and says "that is it". I at that time stated, "are you sure that is the knife" because I thought it was described differently but she said, "yes, that is the knife."

Rule 804(b), M.R.Evid., in pertinent part, provides:

> The following are not excluded by the hearsay rule if the declarant is un- available as a witness:
>
> . . .
>
> (3) Statement against interest. A statement which was at the time of its making so far contrary to the declar- ant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability . . . that a reasonable man in his position would not have made the statement unless he be- lieved it to be true. . . [Emphasis added.]

The statement attributed to Paula Butler, the alleged accomplice, tended to subject her to criminal liability and was therefore admissible under the hearsay exception provided in Rule 804(b), M.R.Evid. There was no error in admitting this testimony.

The hearsay exception sought by the defendant had an entirely different factual base. Defendant offered to intro- duce testimony of Mark Henry for the purpose of establishing

4

that Henry had a conversation with Paula Butler wherein she allegedly stated that Powers was not a participant in the criminal activities for which he was charged.

Rule 804(b)(3), M.R.Evid., goes on to provide:

> . . . <u>A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.</u> [Emphasis supplied.]

The offered testimony did not qualify as an exception to hearsay. The statement, although tending to expose the declarant to criminal liability, was offered to exculpate the accused and no corroborating circumstances were offered clearly indicating the trustworthiness of the statement.

Although State v. LaPier (1984), 208 Mont. 106, 676 P.2d 210, discusses Rule 804(b)(5), M.R.Evid., we find this case persuasive as to the question of abuse of discretion with relation to guarantee of trustworthiness concerning offered hearsay testimony under Rule 804(b)(3).

There was no abuse of discretion and no error in the District Court's refusal to admit this testimony.

Issue 2: Foundation and identification of the knife.

The investigating police officer, during a warranted search of Paula Butler's apartment, asked Paula to give him the knife which was alleged to have been used against the victim, L.H. The officer testified that Paula Butler handed him a knife and said "that is it." The search warrant sought "the brown handled, serrated edged knife [L.H.] was threatened with." Paula Butler produced a smooth-edged knife.

The defendant claims that the knife produced at trial was not what its proponent claimed, nor did it bear the

"distinctive characteristics and the like," as required by Rule 901(b)(4), M.R.Evid., or some form of identification required for the admission of evidence at trial.

Rule 901, M.R.Evid., states in pertinent part:

> (a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
>
> (b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
>
> (1) Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be.
>
> . . .
>
> (4) Distinctive characteristics and the like. Appearance, contents, substance, internal patterns or other distinctive characteristics, taken in conjunction with circumstances. [Emphasis added.]

We hold that the District Court properly admitted the knife into evidence for two reasons.

First, defendant Powers does not have standing to challenge the seizure of the knife. The knife was obtained from Paula Butler at her apartment pursuant to a valid search warrant. As required by State v. Gonzales (Mont. 1988) 751 P.2d 1063, 1064, 45 St.Rep. 579, 580, "[a]n individual must have either a property or possessory interest in the automobile searched or seized by the police to assert standing for violations of the Fourth Amendment to the United States Constitution," citing Rakas v. Illinois (1978), 439 U.S. 128, 148, 99 S.Ct. 421, 433, 58 L.Ed.2d 387, 404. Defendant

Powers has not demonstrated a property or possessory interest in the apartment searched or in the knife seized. Thus, Powers has no standing in this issue.

Second, the differences between the knife described in the search warrant and the knife obtained and admitted into evidence is not adequate to deny the admission of the knife. The victim, L.H., identified State's exhibit 3 as the knife with which he was threatened. The investigating police officer testified as to the identification of the knife made by Paula Butler when she said "that is it." We hold this testimony sufficiently identified the knife within Rule 901, M.R.Evid., requirements.

Issue 3. Substantial Evidence.

On several occasions and most recently in State v. Oliver (Mont. 1987) 742 P.2d 999, 44 St.Rep. 1567, and State v. Cyr (Mont. 1987) 746 P.2d 120, 44 St.Rep. 2013, this Court has held:

> The standard for review of the sufficiency of the evidence is: "Whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560, 573. [Oliver, 742 P.2d at 1002, and Cyr, 746 P.2d at 122.] We defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Kutnyak (Mont. 1984), 685 P.2d 901, 910, 41 St.Rep. 1277, 1289. [Oliver, 742 P.2d at 1002.]

Powers contends that the evidence did not support a guilty verdict on the counts of robbery, sexual assault and sexual intercourse without consent by accountability. We

hold there is more than substantial credible evidence to allow the jury to find the defendant guilty beyond a reasonable doubt.

The testimony of the victim, L.H., was corroborated by: (1) the two people who came by Butler's apartment during the assault upon L.H.; (2) the officer who first interviewed L.H. at the police station immediately after the assault; (3) the physician who examined L.H.; and (4) the two investigating detectives who searched Butler's and Powers' apartments.

After viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

The convictions are affirmed.

_J.A. Turnage_
Chief Justice

We concur:

_John Conway Harrison_

_Justices_

8