DA 14-0630

FILED

08/15/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0630

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 199N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TISHA ANN BRUNELL,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Anaconda-Deer Lodge, Cause No. DC 13-36
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Paul Sullivan, Measure, Sampsel, Sullivan & O'Brien, P.C., Kalispell, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

            Ben Krakowka, Anaconda-Deer Lodge County Attorney, Anaconda, Montana

Submitted on Briefs:  July 12, 2017

Decided:  August 15, 2017

Filed:

                                  Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Tisha Ann Brunell (Brunell) appeals from a judgment entered in the Third Judicial District Court, Deer Lodge County, following her guilty plea. Brunell appeals the denial of her motion to suppress, which she reserved pursuant to the terms of the plea agreement and its acceptance by the court. We affirm.

¶3 The parties rely upon the District Court's order denying Brunell's motion to suppress to present the relevant facts underlying this appeal. As both parties refer this Court to those facts, we will accept them as undisputed.

¶4 The District Court summarized the facts as follows. On July 3, 2014, Detective Scott King (Detective King) of the Missoula County Sheriff's Office was informed that Stanley Isaac Lebeau (Lebeau), an inmate at the Missoula County Jail, was requesting to speak to law enforcement. Detective King met with Lebeau and a conversation about Brunell ensued. Lebeau stated that he knew Brunell as a result of having previously been incarcerated at the Montana State Prison (MSP) where Brunell worked as a nurse at the time. Lebeau informed Detective King that Brunell contacted him after his release from MSP and sought his assistance in a felony prosecution against her for sexual intercourse without consent, transferring illegal articles, and unauthorized communications. The

2

charges were pending in district court and arose from Brunell's conduct while employed as a licensed nurse at the Sanction, Treatment, Assessment, Revocation and Transition facility (START). Brunell asked that Lebeau help her to ensure that a witness, Joshua Svennungsen (Svennungsen), did not testify against her.

¶5 Lebeau consented to Detective King conducting a search of his phone. Detective King's search revealed text messages sent from Brunell's phone. The messages included Svennungsen's name, place of employment, and phone number. Based upon the information reported by Lebeau and the phone search, Detective King applied for and received a search warrant to record phone conversations between Lebeau and Brunell. Lebeau was released from Missoula County Jail and transported to Missoula County Sheriff's Office. Lebeau texted Brunell who then called him. Brunell stated she still wanted to "bump" into Svennungsen and Lebeau ended the conversation by telling Brunell that if she came to pick him up they would take care of it.

¶6 On July 17, 2013, Lebeau placed a telephone call to Brunell. Detective King was present and recorded the call. Brunell told Lebeau that she was aware of what days Svennungsen had off from work and they confirmed a plan to "bump" into Svennungsen. The conversation ended with Lebeau and Brunell planning to meet on July 22, 2013, to travel to Helena. Brunell did not appear at the planned meeting. The State filed an Information charging Brunell with the felony offense of solicitation to tamper with witnesses.

¶7 The District Court rejected Brunell's argument that because Detective King did not directly obtain consent from the Missoula County Jail prior to communicating with

3

Lebeau, that the evidence Detective King obtained through the recorded conversation between Lebeau and Brunell must be suppressed. The District Court denied Brunell's motion to suppress, concluding that sufficient facts were presented to the judge issuing the warrant; Detective King did not commit an illegal act by communicating with Lebeau at the Missoula County Jail; and Brunell failed to present sufficient evidence that Detective King deliberately omitted information from his affidavit in support of the warrant application. The District Court also rejected Brunell's entrapment theory. Brunell pled guilty and was sentenced to a term of five years at the Montana Women's Prison to run concurrent with the sentence imposed for the felony sexual intercourse, transferring of illegal articles, and unauthorized communications. The only issue Brunell raises on appeal is whether evidence of the recorded conversation between Lebeau and Brunell should be suppressed because it was obtained by Detective King without consent of the person in charge of the official detention.

¶8     This Court reviews a district court's decision on a motion to suppress to determine whether the findings of fact were clearly erroneous and the court's application of the law was correct. *State v. Beaver*, 2016 MT 332, ¶ 8, 386 Mont. 12, 385 P.3d 956. This Court will affirm the district court when it reaches the right result, even if for the wrong reason. *State v. Betterman*, 2015 MT 39, ¶ 11 378 Mont. 182, 342 P.3d 971.

¶9     Although a warrant was issued authorizing the recording of Lebeau's communications with Brunell, Brunell maintains that pursuant to § 45-7-307(2)(a), MCA, any communication with Lebeau absent consent from the person in charge of the official detention is unlawful and must be suppressed as "fruit of the poisonous tree." Section

4

45-7-307(2)(a), MCA, provides that "[a] person commits the offense of unauthorized communication if the person knowingly or purposely communicates with a person subject to official detention without the consent of the person in charge of the official detention."

¶10    In order to assert a violation of the Fourth Amendment to the United States Constitution or Article II of the Montana Constitution, an individual must have standing to claim a violation of her rights. *State v. Gonzales*, 231 Mont. 242, 243, 751 P.2d 1063, 1064 (1988). Here, Detective King's contact with Lebeau did not violate Brunell's rights to be free from an unreasonable search and seizure. Brunell has no reasonable expectation of privacy in what Lebeau might say to others while detained in the Missoula County Jail. Brunell similarly has no standing to enforce the criminal laws of Montana and assert the alleged violations of a criminal statute of another person. *See State v. Haskins*, 255 Mont. 202, 208, 841 P.2d 542, 546 (1992). Section 45-7-307(2)(a), MCA, by making such a communication unlawful, does not confer standing to others to assert a violation. Notwithstanding that a warrant was issued *authorizing* the recording of the communication, Brunell has no standing to assert the rights of Lebeau, who acted voluntarily and consented to the search. While the District Court addressed the merits of Brunell's contentions and determined that a valid warrant had issued to record conversations between Lebeau and Brunell, we conclude that Brunell has not met the threshold requirement of standing to raise a violation of her rights.

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion

5

of this Court, the case presents a question controlled by settled law or by the clear application of relevant standards of review.

¶12    Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE